Application of Harry Lee DODD, Petitioner,

v.

COUNTY ATTORNEY, BEAVER COUNTY, Oklahoma and the State of Oklahoma, et al., Respondents.

No. A-14020.

Court of Criminal Appeals of Oklahoma.

June 29, 1966.

Harry Lee Dodd, pro se.

Charles R. Nesbitt, Atty. Gen., State of Oklahoma, for respondent.

BUSSEY, Presiding Judge.

This is an original proceeding in which Harry Lee Dodd seeks an order of this Court granting him a speedy trial in Beaver County, Oklahoma, where he is charged with the offense of Burglary in the Second Degree, or dismissal of the charges pending against him in said county.

From petitioner's exhibits attached to his application for Habeas Corpus ad prosequendum, it appears that he is currently confined in the State Penitentiary at Walla Walla, Washington, after having entered a plea of guilty to the crime of Grand Larceny on the 26th day of February, 1965. Said judgment and sentence recites that he is to be incarcerated for a maximum of not more than 15 years imprisonment in said institution. Petitioner alleges that he filed an application for a Writ of Habeas Corpus ad prosequendum in the District Court of Beaver County, Oklahoma, and the same was denied on the 19th day of May, 1966.

Petitioner has not attached to said application for Habeas Corpus ad prosequendum, funds sufficient to defray his expenses from the State Penitentiary at Walla Walla, Washington, to Beaver County, Oklahoma, and expense for the return to Walla Walla. We must assume that the application for Habeas Corpus ad prosequendum filed in the District Court of Beaver County, Oklahoma, was not accompanied by a deposit of sums sufficient to meet these expenses.

We have repeatedly held that deposit of costs sufficient to defray the expense involved in transporting a prisoner incarcerated in a penal institution outside the jurisdiction, to this jurisdiction for trial and a return to the place of confinement outside the jurisdiction, is a prerequisite for the issuance of a writ of habeas corpus ad prosequendum. For as was stated In Re Application of Melton, Okl.Cr., 342 P.2d 571:

"The state is not required to assume the additional burden of cost incident

to affording a speedy trial, i. e., in returning an accused to the state, who, on his own volition, placed himself beyond the jurisdiction of the state and in the custody of the Federal Government. The costs incident to returning the accused from Leavenworth, Kansas, after the completion of his sentence and in response to the hold order are just and reasonable, but to require the additional burden of a round trip excursion into Oklahoma under the conditions herewith presented would be an unjust and unreasonable burden on the state. The state is in no way responsible for accused's predicament and is in no manner required to extend the hand of charity to him."

Although Melton was incarcerated in a Federal Penitentiary, the rule is equally applicable when the petitioner is confined in a jurisdiction other than Oklahoma.

For the reason above set forth, the Writ prayed for is denied. Writ denied.

NIX and BRETT, JJ., concur.