LEE *v.* STATE.

Opinion delivered February 29, 1932.

254

*J. S. Utley* and *W. H. Childers,* for appellant.

*Houston Emory,* Prosecuting Attorney, for appellee.

KIRBY, J., (after stating the facts). The statute upon which the motion for discharge is based, § 3132, Crawford & Moses' Digest, reads as follows:

"If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the finding of such indictment, he shall be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner."

This statute has been construed and applied first in *Stewart v. State,* 13 Ark. 720, in *Ware v. State,* 159 Ark,

540, 252 S. W. 934, where all the cases are reviewed, and in *Fulton* v. *State,* 178 Ark. 841, 12 S. W. (2d) 777. In the last cited case it was held that the person committed to the penitentiary, who had no opportunity to demand a trial on other indictments, did not waive his right to discharge from such indictments under said statute.

This case, however, furnishes no authority for the granting of the motion to discharge the defendant from the indictments herein because the prisoner there was prevented from making such motion while he was in the custody of the State, serving a sentence upon a conviction for violation of her laws, the State having the exclusive custody of the convict there, and could and should have brought him into open court that he might demand a trial, and he waived no right to discharge under this statute by its not having done so. Here the appellant was in the custody of the United States Government, in her penitentiary, upon a plea of guilty to a violation of its laws, which furnished no ground for the dismissal of charges pending against him on indictments in the State court because of his not having had opportunity to demand a trial therein, and this is so without regard to whether the State could have sooner procured his presence under the comity rule from the United States Government, as announced in *Ponzi* v. *Fessenden,* 258 U. S. Reports, 254, 42 S. Ct. 309. In *Rigor* v. *State,* 101 Md. 465, 61 Atl. 631, 4 Ann. Cas. 719, it was said by the Supreme Court of Maryland:

"The penitentiary is not a place of sanctuary; and an incarcerated convict ought not to enjoy an immunity from trial merely because he is undergoing punishment on some earlier judgment of guilt."

Appellant made no effort to demand trial while he was imprisoned in the United States Penitentiary, which he could have done, and the fact that the State could have procured his presence in her court for trial on the indictments and did not do so deprived him of no right he was entitled to, and the court did not err in denying his motion for a discharge from the indictments pending in her court. The judgment is affirmed.

McHANEY, J. On the authority of *Fulton* v. *State,* 178 Ark. 841, 12 S. W. (2d) 777, I think the case should be reversed. The distinction attempted to be made between that case and this is, in my opinion, not a valid one. I therefore dissent.