Application of George Martin MELTON for
Writ of Mandamus.

No. A–12772.

Court of Criminal Appeals of Oklahoma.

July 22, 1959.

George Martin Melton, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Warren H. Crane, County Atty., Comanche County, Oklahoma, David J. Aubrey, Asst. City Atty., Lawton, for respondent.

BRETT, Judge.

This is an original action for an alternative writ of mandamus brought by George Martin Melton, petitioner, against the Comanche County Attorney, Warren H. Crane, and the Comanche County Judge of the Superior Court, John P. Fullerton. In said petition he seeks an order requiring the State of Oklahoma to return him from the Federal Penitentiary, Leavenworth, Kansas, where he is now confined, to Oklahoma for a speedy trial in said Superior Court. To the petition a response has been filed. It appears therein that two certain charges of embezzlement are pending in the courts of Comanche County, Oklahoma, against petitioner. In case No. C–587, petitioner was charged on May 23, 1956, by information in the Superior Court of said county with the embezzlement of a Buick automobile of the value of $1,095 from Buster Wyatt Motor Co. The petitioner was released on bail by said court. Thereafter, the case was set for trial for November 29, 1956, and on said date petitioner, through counsel, filed a motion for continuance and as grounds therefor alleged petitioner was then in the county jail in El Paso, Texas, on another charge. The trial court ordered petitioner's bond forfeited, and issued a bench warrant for his arrest, which has not been executed, he being now in the Federal Penitentiary at Leavenworth, Kansas, where a hold order is pending against him from Comanche County, Oklahoma.

Another case pending on complaint, styled State of Oklahoma v. George Martin Melton, No. M 10899–P78, filed on September 14, 1956, in the Justice Court, District No. 2, charges the petitioner with the embezzlement of another automobile, a Packard, from Jim Dawes of the value of $900, in which case the State of Oklahoma has never completed jurisdiction by reason of inability to take the petitioner into custody on said charge.

The County Attorney alleges that he is willing to proceed in the two cases against petitioner, as soon as the petitioner is in a position to make an appearance for trial. He further urges that the county should not be compelled to burden itself with the expense of returning petitioner for trial and then entail the additional burden of returning him to Leavenworth Penitentiary; that to do so will cost approximately the total sum of $330; that the petitioner should be required to post the necessary expense money essential to comply with his demand for a speedy trial before petitioner is granted relief herein.

█ It has been held that where an accused is incarcerated in a Federal Penitentiary, such incarceration is good cause for delay in bringing him to trial, even where the state authorities fail to request his delivery to the state court for trial. 22 C.J.S. Criminal Law § 472, notes 77, 78, 79, p. 727; Ex parte Schechtel, 103 Colo. 77, 82 P.2d 762, 118 A.L.R. 1032; Raine v. State, 143 Tenn. 168, 226 S.W. 189; Lee v. State, 185 Ark. 253, 47 S.W.2d 11. Denial under these conditions does not constitute a violation of the constitutional guarantee contained in art. II, Sec. 20, Okla.Const. and 22 O.S.1951, § 812, enacted to enforce that guarantee of a speedy trial. The state is not required to assume the additional burden of cost incident to affording a speedy trial, i. e., in returning an accused to the state, who, on his own voli-

tion, placed himself beyond the jurisdiction of the state and in the custody of the Federal Government. The costs incident to returning the accused from Leavenworth, Kansas, after the completion of his sentence and in response to the hold order are just and reasonable, but to require the additional burden of a round trip excursion into Oklahoma under the conditions herewith presented would be an unjust and unreasonable burden on the state. The state is in no way responsible for accused's predicament and is in no manner required to extend the hand of charity to him. If he had honored the conditions of his bond, he would have remained within the state, and would have avoided his federal court commitment. Only after he has completed his federal sentence, may the accused invoke the guaranties of a speedy trial at the expense of Oklahoma, as applied to the case upon which the information was filed and to which jurisdiction has attached.

To avoid misunderstanding of the rights of an accused, this rule might not be applicable where the accused was confined within a state penal institution and was wanted for prosecution in a state court. On proper application for writ of habeas corpus ad prosequendum, the state might be required to deliver the accused from the state penitentiary and present him for trial in the Oklahoma court. Thacker v. Marshall, Okl.Cr., 331 P.2d 488.

On the question of the pending charge in the Justice court where jurisdiction has not attached, see Inverarity v. Zumwalt, Okl.Cr., 279 P.2d 372, 373, holding:

> "A preliminary hearing is not a trial, but is analogous to a grand jury proceeding, and the provision of art. II, Sec. 20, Okla.Constitution, in regard to a speedy trial will not be applicable to the same in the absence of the necessary jurisdictional requisites."

The record shows the warrant on the second embezzlement case has not been served and the Justice has never obtained jurisdiction of the petitioner's person.

It is clear to us that under the conditions herewith presented, the petition for writ of mandamus wholly fails to state grounds for relief and the writ is accordingly denied.

POWELL, P. J., concurs.

NIX, J., concurs in conclusion.

NIX, Judge.

I concur in the majority opinion with exception to syllabus three. I do not agree that the Inverarity case, supra, correctly states the law.