EARL BEDWELL *v.* CIRCUIT COURT OF LAWRENCE COUNTY

5458                                                    454 S. W. 2d 304

Opinion delivered June 1, 1970

*Autrey & Weisenberger,* for petitioner.

*Joe Purcell,* Attorney General; *Mike Wilson,* Asst. Atty. Gen., for respondent.

LYLE BROWN, Justice. Earl Bedwell is serving a federal sentence, presently incarcerated in the federal correctional institution in Texarkana, Texas. State charges are pending against him in Lawrence County, Arkansas. He has filed in this court a petition for mandamus, asking us to direct the Lawrence County Circuit Court to dismiss the Arkansas charges for refusal to afford him a speedy trial.

The facts present a problem of first impression to us. Bedwell filed on January 20, 1969, a petition in the circuit court asking for a speedy trial. At that time petitioner was serving his federal sentence in Leavenworth, Kansas. Lawrence County Prosecutor, David Hodges, was successful in persuading federal authorities to transfer petitioner to the Texarkana institution where he would be more readily available. Mr. Hodges then arranged with the circuit judge and the sheriff for the latter official to pick up the petitioner at Texarkana and take him to Walnut Ridge; there he would be tried and then returned to the federal authorities at Texarkana. The planned procedure came to a halt when it was discovered that the plan of having the petitioner brought to Walnut Ridge by the sheriff did not conform to regulations promulgated by the United States Department of Justice. The regulations provide that a prisoner so transported shall be accompanied by a deputy federal marshal or marshals; that the prisoner shall at all times be in custody of the marshal, including the time of trial; and that all expenses, including the expenses of deputy marshals, shall be paid by the county. In this particular case the federal authorities requested an advance deposit of $325 to secure the payment of expenses. The prosecuting attorney certified that it was the decision of the circuit judge, the county judge, and the prosecuting attorney that Lawrence County could not afford to post the cash required by federal direction. Thereupon Lawrence County abandoned its efforts.

Our statute gives one in prison the right to be brought to trial before the end of the second term of court after the charge is filed. Ark. Stat. Ann. § 43-1708 (Repl. 1964). As to one incarcerated in another jurisdiction, the statute does not begin to run until he requests trial. *Lee* v. *State*, 185 Ark. 253, 47 S. W. 2d 11 (1932), which was reaffirmed in *Pellegrini, infra.* Since petitioner filed his application for a trial in January 1969 more than two terms of court have intervened.

Respondent resists the petition on the ground that Lawrence County has been reasonably diligent and has acted in good faith in its efforts to afford petitioner a trial, in conformity with *Smith* v. *Hooey*, 393 U. S. 374 (1969), and *Pellegrini* v. *Wolfe*, 225 Ark. 459, 283 S. W. 2d 162 (1955).

We have briefly recounted the efforts exerted by Lawrence County through its prosecuting attorney, up to the time he discovered that the sheriff would not be permitted to pick up petitioner and keep him in custody until completion of the trial, then return petitioner to Texarkana. Up to that point it cannot be questioned that diligence had been exercised and in good faith. The question is, was it arbitrary for the county to decline to expend the county's money to meet the federal bureau of prisons' requirement that the bureau carry out transportation needs and trial custody? The regulations require that the county shall pay "not only the expenses of the prisoner but also the necessary expenses of deputy marshals or other officers responsible for his transportation" and that "the sum paid shall be sufficient to pay for subsistence and shelter of the prisoner and the deputy marshals or officers during the entire time of their absence from headquarters." The prosecutor was advised that if the deposit of $325 did not prove sufficient to cover the costs the county would be billed for the balance.

We do not think the action of the county was arbitrary. It is common knowledge that the county governments in this State, for the most part, operate on limited and budgeted funds. The prosecuting attorney, after consultation with the circuit and county judges, certified to this court that Lawrence County could not afford the financial commitment required. The county was ready and willing to furnish the sheriff and the county facilities to afford transportation and lodging for petitioner. Incidentally, that is the procedure used to return from outside the State any accused other than a federal prisoner. The method desired to be used would not only be cheaper but would retain for the county

the control of the expenditures. On the other hand, the commitment requested by the bureau of prisons would give to a third party a blank check to expend indefinite sums of county tax money. It is not uncommon, from necessity, for several days to elapse between the arraignment and trial of an accused. Under the financial assurance requested by the bureau the delay could result in considerable overhead expenses for the subsistence and shelter of one or more deputy marshals and the petitioner. The authority to secure temporary custody of federal inmates for state trial is found in 18 U. S. C. A. § 4085. The method of transfer of custody for state trial appears to be a discretionary matter with the United States Attorney General.

The petition for dismissal of the charges is denied.