JACK A. RANDALL *v.* STATE OF ARKANSAS

5538                                          458 S. W. 2d 743

Opinion delivered October 19, 1970

*William C. McArthur,* for appellant.

*Joe Purcell,* Attorney General; *Mike Wilson,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of the crimes of burglary and violation of Act 145 of 1963 (breaking into a vending machine). The jury assessed a penalty of three years for burglary and one year for the latter offense. For reversal of the judgment on that verdict, appellant, by his court appointed trial counsel, contends that the trial court erroneously denied his motion for discharge for want of a speedy trial. We must agree with appellant's contention.

Appellant, who was in the custody of state officials, was released to federal custody and immediately incarcerated in a federal correctional institution. A few days later, July 16, 1968, the state charged appellant, by information, with the above mentioned offenses and on that date placed detainers against him at the federal institution. In April 1970, after completion of his federal sentence, appellant was tried and convicted by the state on the pending charges. Before trial he moved for dismissal of these charges on the basis that his requests for a speedy trial were refused by the state. This motion was denied.

Appellant relies upon Ark. Stat. Ann. § 43-1708 (Repl. 1964) which provides:

> If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the finding of such indictment, he shall be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner.

This section implements Ark. Const. Art. 2, § 10, which guarantees a speedy trial in criminal cases. The right, however, is not in itself absolute. It prohibits oppressive delays, but not at the expense of public justice. *Merritt* v. *State*, 244 Ark. 921, 428 S. W. 2d 66 (1968). Over a century ago, this court observed in *Stewart* v. *State*, 13 Ark. 720 (1853):

> By a speedy trial, is then intended, a trial conducted according to fixed rules, regulations, and proceedings of law, free from vexatious, capricious, and oppressive delays, manufactured by the ministers of justice.

> \*     \*     \*

> [T]he spirit of the law is, that for a prisoner to be entitled to his discharge for want of prosecution, he must have placed himself on the record in an attitude of demanding a trial, or at least of resisting postponements.

What constitutes a speedy trial must be determined from the varying circumstances of each particular case with reference to the practical and efficient operation of the law. In this perspective, then, a speedy trial may be viewed as a matter of judicial discretion. *Leggett* v. *Kirby, Judge*, 231 Ark. 576, 331 S. W. 2d 267 (1960) But once a want of timely prosecution is established, absent a showing by the state of good cause for the delay, the trial court is divested of any discretion in the matter and discharge becomes imperative. *Ware* v. *State*, 159 Ark. 540, 252 S. W. 934 (1923). Furthermore, if a

non-compliance with § 43-1708 is manifested, the burden is then upon the state to demonstrate that the delay was either necessitated by the exigencies of the orderly administration of justice or at the request of the prisoner. See *Bell* v. *State*, 243 Ark. 839, 422 S. W. 2d 668 (1968); *Ware* v. *State, supra.*

Any person who is incarcerated within this state is not only amenable to its laws, but is under its protection as well. He may, therefore, directly invoke § 43-1708. *Fulton* v. *State*, 178 Ark. 841, 12 S. W. 2d 777 (1929). See, also, *Smith* v. *State*, 201 Ark. 1185 (not reported in full in Arkansas Reports), 146 S. W. 2d 158 (1941). However, one incarcerated in an institution of the federal government or that of some other jurisdiction must affirmatively request a trial in order to activate the statute and to avail himself of its protection. *Lee* v. *State*, 185 Ark. 253, 47 S. W. 2d 11 (1932). See, also, *Bedwell* v. *Circuit Court of Lawrence County*, 248 Ark. 866, 454 S. W. 2d 304; *Pellegrini* v. *Wolfe, Judge*, 225 Ark. 459, 283 S. W. 2d 162 (1955). So, too, a fugitive (escapee) from this jurisdiction, once he has been recaptured and returned to prison, can thereafter claim a reinvestment of his rights under this statute. *Merritt* v. *State, supra.*

In the case at bar, appellant was arrested on June 16, 1968 and held for violation of state laws. He was transferred to federal custody on July 10, 1968. Approximately one week after he was released by the state to federal custody and immediately incarcerated in a federal institution, an information and detainer were filed against him by the state. Thereafter, on October 22, 1968, during the September 1968 term of court, appellant made a written request to state authorities for a speedy trial on the state charges pending against him. By this, he effectively invoked the protection of § 43-1708. In January 1969 his written request to state authorities for immediate trial was repeated and denied. His later petition to a federal district court for a discharge of the state charges was refused on the basis he had not exhausted his state remedies. During this

time the March 1969 and September 1969 terms of court passed before appellant was finally tried at the beginning of the March 1970 term. His trial followed completion of his federal sentence.

The state authorities took the position, in replying to his two requests (October 1968 and January 1969) for a speedy trial, that appellant was a "fugitive." It is true that a fugitive removes himself from the protective provisions of § 43-1708 [see, *e. g., Merritt* v. *State, supra*]; but appellant here can hardly be so classified inasmuch as the state released him from its custody to the federal government. Upon appellant's request for trial, the Arkansas authorities should have endeavored to regain jurisdiction over him for purposes of timely prosecution. See *Pellegrini* v. *Wolfe, Judge, supra.* It is incumbent upon the state, if it is to prevent appellant's discharge, to demonstrate good cause for its failure to gain custody over him and to afford him a speedy trial. See, *e. g., Bedwell* v. *Circuit Court of Lawrence County, supra.*

Good cause for the delay in meeting appellant's requests for a speedy trial not having been shown, the judgment is reversed and the cause remanded with directions to discharge appellant in accordance with Ark. Stat. Ann. § 43-1708 (Repl. 1964).