## Dorothy HOLLAND *v.* STATE of Arkansas

5718                                      480 S.W. 2d 597

### Opinion delivered May 29, 1972

*Jack Holt, Jr.* and *Jack Sims,* for appellant.

*Ray Thornton,* Atty. Gen., by: *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

Conley Byrd, Justice. Appellant Dorothy Holland appeals from the action of the trial court in overruling her motion for a discharge under Ark. Stat. Ann. § 43-1709 (Repl. 1964), on the grounds that she has been denied her constitutional right to a speedy trial. In overruling her motion for discharge, the trial court entered the following order:

"On this 28th day of January, 1972, comes on for hearing the motion of the Defendant to dismiss the charge herein with prejudice for failure to bring the accused to trial within the time required by Ark. Stats. (1964 Repl.) § 43-1709 and from the record and stipulations of counsel, the court doth find:

"The record reflects without dispute that on the dates indicated the following proceedings occurred:

(1)  September 29, 1969       Felony information executed and filed, charging Defendant with voluntary manslaughter;

(2)  September  Defendant committed to Arkansas
     29, 1969  State Hospital for observation
               under Act 3 of 1937;

(3)  October    Defendant released and Made and
     30, 1969   filed bail bond in the sum of
                $1,000;

(4)  August     Defendant filed motion to dismiss
     10, 1971   under Ark. Stat. § 43-1709;

(5)  November   Plea and arraignment. Defen-
     24, 1971   dant entered plea of not guilty and
                not guilty by reason of insanity;

(6)  January    Defendant's motion to dismiss under
     28, 1972   Ark. Stats. § 43-1709 denied and
                dismissed.

"That the following stipulation was entered into in open court by attorneys for the parties herein, to-wit: The term in which the information is filed must be counted in determining the number of court terms expired; four terms have expired herein counting therefrom; that the Defendant who was released on bond was at all times within the jurisdiction of the Court; and neither the State nor the Defendant has requested a continuance herein.

"That at the request of the Defendant the State was then offered the opportunity of presenting evidence or good cause for the alleged delay in bringing the Defendant to trial. The State declined to submit such proof. The Court finds as a matter of law that the terms herein must be counted from the Defendant's plea and arraignment. That date being within the three terms of court, Defendant's motion for dismissal must be denied.

"It is, therefore, considered, ordered and adjudged that the motion to dismiss by Defendant hereby is overruled, denied and dismissed; that the Defendant prays for an appeal from this order which is hereby granted."

Arkansas Stat. Ann. § 43-1709 (Repl. 1964) upon which appellant relies provides:

"If any person indicted for any offense, and held to bail, shall not be brought to trial before the end of the third term of the court in which such indictment is pending, which shall be held after the finding of such indictment, and such holding to bail on such indictment, he shall be discharged, unless the delay happened on his application."

This statute was first construed in *Stewart v. State,* 13 Ark. 720 (1853). This court there in construing Ark. Stat. Ann. § 43-1708, a similar statute providing for the discharge of one confined in prison, concluded that before a prisoner is entitled to a discharge for want of prosecution, he must have placed himself on the record in the attitude of demanding a trial, or at least of resisting postponements. In so doing the court recognized that the statute was declaratory of the constitutional requirement of a speedy trial.

The construction given the statute in the *Stewart* case was weakened in *Ware v. State,* 159 Ark. 540, 252 S.W. 934 (1923). There the petitioners had been indicted for murder in the first degree at the October 1919 term. They had been twice convicted and twice reversed by this court. Their motions for discharge were filed at the April 1923 term of court. In granting the motions for discharge and in speaking of the *Stewart* case, this court said:

". . .As we interpret that decision, the prisoner will be entitled to his discharge under the statute for want of prosecution—that is, by reason of a failure on the part of the State to demand trial and produce her evidence against the prisoner—unless the delay was for some other reason than simply a failure on the part of the State to demand a trial and bring forward its evidence. It is such want of prosecution on the part of those intrusted with the due administration of the law that this statute condemns by discharging

the prisoner upon his application and a showing that the State had failed to prosecute as this statute required. Where he makes such showing, the court trying the issue is vested with no discretion in the matter. . .''

Since the *Ware* case, this court has evolved the rule that when interpreting Ark. Stat. Ann. § 43-1708[1] with reference to a prisoner in jail, the burden is on the State to show that the failure to bring the prisoner to trial was excused but when construing the statute here involving an accused on bail, the burden of proof is on the accused. See *Beckwith* v. *State*, 238 Ark. 196, 379 S.W. 2d 19 (1964) and *Bell* v. *State*, 243 Ark. 839, 422 S.W. 2d 668 (1968). Even in those cases, however, this court when dealing with an accused admitted to bail has been cautious enough to show that the delay was occasioned on the application of the accused.

Recently the United States Supreme Court has made the Sixth Amendment guarantee of a speedy trial applicable to the States. See *Klopfer* v. *North Carolina*, 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967); *Smith* v. *Hooey*, 393 U.S. 374, 21 L. ed. 2d 607, 89 S. Ct. 575 (1969); and *Dickey* v. *Florida*, 398 U.S. 30, 26 L. ed. 2d 26, 90 S. Ct. 1564 (1970).

In *People* v. *Minicone*, 28 N.Y. 2d 279, 321 N.Y.S. 2d 570 (1971), in considering the constitutional right to a speedy trial it was held that the obligation is on the prosecutor to move promptly and no demand by the accused is required to actuate this obligation. In so stating the court pointed out that the federal courts had been tightening the requirements that criminal prosecutions move expeditiously.

---

[1] If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the finding of such indictment, he shall be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner.

In *Glascow* v. *State,* 469 P. 2d 682 (Alaska 1970), the Supreme Court of Alaska came to grips with the issue of a speedy trial and overruled its prior cases to the effect that before a prisoner could invoke the constitutional sanction of a speedy trial he had to be in the position of demanding a trial. In doing so it pointed out that, in view of the many federal decisions to the effect that every reasonable presumption should be indulged against the waiver of a constitutional right, the waiver doctrine on which its prior cases were premised ". . .is of particularly dubious authenticity under present constitutional law."

For other cases recognizing that a demand for speedy trial or the resisting of a continuance is not a prerequisite to relief under the speedy trial guarantee of the Sixth Amendment to the U. S. Constitution, see *Vargas* v. *State,* 252 So. 2d 586 (Fla. 1971), and *Jaramillo* v. *District Court,* 484 P. 2d 1219 (Colo. 1971).

In view of the foregoing authorities, we must either take a new look at the plain language of the statute or take up the constitutional issue of whether appellant was denied a right to a speedy trial. Rather than pioneer in the yet undefined area of what constitutes a speedy trial in terms of days or years, we have concluded that appellant here demonstrated her right to a discharge within the plain meaning of our statute when she showed that three terms of court had elapsed since her arrest and that such delay has not "happened on her application." In so doing we readily recognize that this interpretation is contrary to the language of *Stewart* v. *State, supra,* and those cases following it.

Reversed with directions to discharge appellant.

HARRIS C.J., and FOGLEMAN, J., dissent.

HOLT, J., not participating.

JOHN A. FOGLEMAN, dissenting. Were we construing Ark. Stat. Ann. § 43-1709 (Repl. 1964) for the first time,

I would have no quarrel with the result reached by the majority. This section was a part of the Revised Statutes adopted in March 1838. It has survived four changes of constitutions, a complete codification of the code of criminal procedure, one extensive reform of criminal procedure by initiated act and legislative sessions too numerous to count without a word change. While the construction of the words involved in this case was originally made in a case involving the companion statute relating to one held without bail [Ark. Stat. Ann. § 43-1708 (Repl. 1964)], the holding that the statute means that the defendant must show that he has either demanded trial or resisted postponement has been uniformly recognized and applied since that date.

In *Dillard* v. *State*, 65 Ark. 404, 46 S.W. 533, § 43-1709 was invoked in a case in which no steps had been taken during any of seven terms of court. Furthermore, the prosecuting attorney in office prior to the seven terms had told the defendant not to appear because he had agreed to dismiss the indictment pursuant to a grand jury recommendation. This court said that the *Stewart* construction applied, and was conclusive, so that there was no error in denying a motion to dismiss under the statute because there was no previous demand for a trial or disposition of the charges. Thus, the same construction that was given to the language of § 43-1708 was given to § 43-1709 as early as 1898. Neither the words of the statute nor the construction had been changed until today.

In *Williams* v. *State*, 210 Ark. 402, 196 S.W. 2d 489, we cited and relied upon the language in *Stewart* approved in *Dillard* that in order to justify a discharge of the accused on such a motion "he must have placed himself on record in the attitude of demanding a trial, or at least of resisting postponements." There was not even an attempt to make this showing in this case. In *Breedlove* v. *State*, 225 Ark. 170, 280 S.W. 2d 224, we said that the statute is not applicable where the defendant concurs in the delay, citing *Stewart, Dillard, Williams,* and *Fox* v. *State*, 102 Ark. 393, 144 S.W. 516. In *Beckwith* v. *State*, 238 Ark. 196, 379 S.W. 2d 19, we empha-

sized the consistent holding of this court that one on bail must place himself on record as demanding trial or resisting postponement in order to take advantage of the statute.

Our construction of § 43-1709 has become as much a part of the statute as if it were written in it. *Merchants' Transfer & Warehouse Co.* v. *Gates,* 180 Ark. 96, 21 S.W. 2d 406. When a constitutional provision or a statute has been construed and that construction consistently followed for many years, such construction should not be changed. *O'Daniel* v. *The Brunswick Balke Collender Company,* 195 Ark. 669, 113 S.W. 717. When a statute meant one thing yesterday it should not mean something entirely different today.

With all due respect, I cannot see how the United States Supreme Court decisions cited by the majority dictate a judicial amendment of the statute. The distinction in *Klopfer* was clearly pointed out in *Givens* v. *State,* 243 Ark. 16, 418 S.W. 2d 629, cert. denied, 390 U.S. 956, 88 S. Ct. 1051, 19 L. Ed. 2d 1149, where Ark. Stat. Ann. § 43-1708 was concerned. Whatever may have compelled judicial action in other jurisdictions should really have no bearing in this instance. Neither should we be concerned about the burden being placed upon the state when the accused is imprisoned and upon the defendant when he is not. See *Beckwith* v. *State, supra.* The opportunities for demand and the consequences of delay are so radically different that such variation is easily justified. One on bail is usually well aware of the fact that delay is usually favorable to him. One in prison may not be so aware. In *Dillard,* we repeated words of Chief Justice Watkins in *Stewart,* of which we should be particularly conscious today. He said:

We cannot shut our eyes to the fact, known to all who are acquainted with the administration of justice, that, where the crime is of magnitude, delays diminish the chances of conviction and with that hope are usually sought or acquiesced in by the accused.

I submit that no one has found our speedy trial statute, as construed for so long, to be constitutionally deficient. If indeed, judicial amendment of the statute is indicated, it should be prospective by exercise of the rule-making power under Act 470 of 1971 or under the court's inherent rule-making power, and not by judicial decision reversing a trial court.

I would affirm the judgment of the circuit court.

I am authorized to state that Mr. Chief Justice Harris joins in this dissent.