STATE OF ARKANSAS *v.* WALTER DAVIDSON

5800                                    492 S.W. 2d 246

Opinion delivered April 2, 1973

*Ray Thornton,* Atty. Gen., by: *Lonnie A. Power,* for appellant.

*Howell, Price, Howell & Barron,* for appellee.

J. FRED JONES, Justice. The state prosecutes this appeal from a trial court order granting the appellee Davidson's motion to dismiss a felony information filed against him in the Pulaski County Circuit Court because of lapse of court terms under Ark. Stat. Ann. § 43-1708 (Repl. 1964). This statute provides as follows:

> "If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the finding of such indictment, he shall be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner."

The companion statute, § 43-1709, provides for the same relief where a defendant is free on bond and has not been brought to trial before the end of the third term of the court in which the indictment is pending.

From the record before us it appears that on March 6, 1969, a felony information was filed in Pulaski County Circuit Court by the prosecuting attorney charging Davidson with the crime of robbery. Davidson was not apprehended in Arkansas and upon request of the state, an unlawful flight warrant was issued for him by

federal authorities and on March 19, 1969, the warrant was served on Davidson in Denver, Colorado. The state of Colorado also had felony charges pending against Davidson, so he was tried and convicted for felonies committed in that state and was sentenced to the Colorado State Penitentiary for a term of eight to twelve years. On May 25, 1970, the state of Arkansas filed a detainer warrant with the Colorado authorities and on December 9, 1971, Davidson filed a *pro se* motion with the Circuit Court of Pulaski County, Arkansas, entitled "Motion to Quash or Dismiss Indictment, Information and Warrant." In his motion Davidson alleged that the state of Arkansas had failed to initiate proceedings within a reasonable time to have him returned to Arkansas for trial on the charges pending against him, and for that reason his constitutional rights to a speedy trial had been denied him and Arkansas had waived and lost jurisdiction to prosecute the charges pending against him. Davidson requested that counsel be appointed for him in connection with his motion to dismiss and this request was complied with. Mr. Davidson appeared in person with his attorney on July 17, 1972, at which time his motion was heard and granted by the trial court on the authority of our decision in *Holland* v. *State,* 252 Ark. 730, 480 S.W. 2d 597.

Mr. Davidson was not released on bond so the question presented on this appeal is whether he was entitled to the discharge under § 43-1708, *supra.* The statute applies equally to all persons indicted for any offense, but it does not *start applying* equally to all persons indicted, and under all circumstances. Where an accused is placed in prison or held on bond while awaiting trial under an indictment or information, he clearly comes within the provisions of the statute from the date of the indictment where is is simply awaiting the will of the state to bring him to trial. Such was the situation in *Holland* v. *State, supra,* but the same rule does not apply to a federal prisoner or one imprisoned for crime in another state as hereinafter pointed out. In the *Holland* case the accused was committed to bond after indictment and three terms of the court had expired prior to the state making any effort to bring her to trial. Mrs. Holland remained in the state; all she did was to wait,

and we held in that case that she was required to do nothing more. In *Holland* we cited cases holding that the burden rests with the state in bringing an accused to a speedy trial without request from the accused, and we cited other cases holding that before a prisoner can invoke the constitutional sanction of a speedy trial he must be in the position of demanding a trial. Then in *Holland* we said:

> "In view of the foregoing authorities, we must either take a new look at the plain language of the statute or take up the constitutional issue of whether appellant was denied a right to a speedy trial. Rather than pioneer in the yet undefined area of what constitutes a speedy trial in terms of days or years, we have concluded that *appellant here demonstrated her right to a discharge within the plain meaning of our statute* when she showed that three terms of court had elapsed since her arrest and that such delay has not 'happened on her application.' In so doing we readily recognize that this interpretation is contrary to the language of *Stewart* v. *State, supra . . . ."*
> (Emphasis added).

In the 1853 case of *Stewart* v. *State,* 13 Ark. 720, the accused acquiesced in the postponement of his trial and there was ample evidence of other good reasons why he was not brought to trial within the term times. But in that case this court did say:

> ". . . we think the spirit of the law is, that for a prisoner to be entitled to his discharge for want of prosecution, he must have placed himself on the record in the attitude of demanding a trial, or at least of resisting postponements."

The wording of our opinion in *Holland, supra,* was apparently confusing to the trial court in the case at bar, but in *Holland* our decision turned on the italicized portion quoted above as applied to the facts in that case.

We have actually adopted and followed two separate rules in applying §§ 43-1708—43-1709; the distinction being based on the facts of the case. Where an accused is in jail awaiting trial on the charge filed against him, the burden is on the state to bring him to trial within

the terms of § 43-1708 and if he is free on bond, the burden still rests on the state to bring him to trial within the terms of § 43-1709, and it is no longer necessary for the accused to place himself on record in an attitude of demanding a trial or of resisting postponements. *Holland* v. *State, supra.* The rule is different where the accused is in prison for a different crime in another state or in a federal institution and in *Randall* v. *State,* 249 Ark. 258, 458 S.W. 2d 743, we pointed out the difference in these words:

> "However, one incarcerated in an institution of the federal government or that of some other jurisdiction must affirmatively request a trial in order to activate the statute and to avail himself of its protection. *Lee* v. *State,* 185 Ark. 253, 47 S.W. 2d 11 (1932). See also, *Bedwell* v. *Circuit Court of Lawrence County,* 248 Ark. 866, 454 S.W. 2d 304; *Pellegrini* v. *Wolfe, Judge,* 225 Ark. 459 283 S.W. 2d 162 (1955). So, too, a fugitive (escapee) from this jurisdiction, once he has been recaptured and returned to prison, can thereafter claim a reinvestment of his rights under this statute. *Merritt* v. *State, supra,* [244 Ark. 921, 428 S.W. 2d 66 (1968)]"

The sound logic in the difference of the two rules is apparent when we consider that when an accused has been arrested and placed in jail, or released on bond, while simply awaiting trial for a determination of whether he is guilty or innocent, he is subject only to the will and convenience of the state in bringing him to trial for a determination of whether he is wrongfully incarcerated or held on bond. When an accused is incarcerated in a federal institution or another state, he is not incarcerated or held on bond awaiting a determination of whether he is guilty or innocent, but is incarcerated for the commission of another crime for which he has been found guilty. In such situation there is no good reason why the accused should not be required to place himself on record in the attitude of demanding a trial before he would be entitled to discharge under § 43-1708 or § 43-1709.

Futhermore, on October 1, 1969, the state of Colora-

do, under its Interstate Co-operation and Compacts Act, Colo. Rev. Stat., § 74-17-1, Art. III (Perm. Supp. 1969), entered into an agreement with other adopting states under which it is provided:

"(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

(b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections, or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested."

This Act then provides that the official having custody of the prisoner shall advise him of the contents of any detainer lodged against him and of the right to make

a request of the final disposition of the indictment on which the detainer is based. The Act further provides that any request made by the prisoner for final disposition of the charges pending against him shall also be deemed to be a waiver of extradition with respect to the pending charges. The state of Arkansas became a party to this agreement by Act 705 of 1971 which became effective when signed by the Governor on April 18, 1971. Davidson was serving his prison sentence in Colorado at that time.

The detainer warrant was filed by Arkansas on May 25, 1970, and when Davidson filed his motion on December 9, 1971, instead of moving for a trial on the charges pending against him in Arkansas, he simply prayed that the charges pending against him in this state be dismissed with prejudice, because of the state's failure to grant him his constitutional right to a speedy trial.

We conclude, therefore, that the trial court erred in granting Davidson's motion. The judgment of the trial court is reversed and this case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

FOGLEMAN and BYRD, JJ., concur.

CONLEY BYRD, Justice, concurring. I concur because Davidson could not have been entitled to any relief under Ark. Stat. Ann. § 43-1708 (Supp. 1971), under any circumstances before the expiration of the March 1971 term of court which did not occur until the 4th Monday in September, 1971. On that date any relief to which Davidson could have been entitled to receive under Ark. Stat. Ann. § 43-1708, was superseded by the provision of the Interstate Agreement on Detainers, [Acts 1971, No. 705, Ark. Stat. Ann. § 43-3201 et seq. (Supp. 1971)], adopted by both Arkansas and Colorado. That Act requires a demand from the prisoner. A reversal on this ground makes unnecessary any discussion of whether a demand is a prerequisite to relief under Ark. Stat. Ann. § 43-1708,

when applied to a prisoner serving time in another jurisdiction.

FOGLEMAN, J., joins in this concurrence.