## Leodis RANDLE *v.* STATE of Arkansas

CR 74-104                                        516 S.W. 2d 6

### Opinion delivered November 18, 1974
[Rehearing denied December 16, 1974.]

*Kenneth Coffelt,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Leodis Randle, was charged by Information with the crime of burglary and the trial court, sitting as a jury, found Randle guilty and fixed his punishment at three years confinement in the Arkansas Department of Correction. From the judgment so entered, appellant brings this appeal. For reversal, six points are alleged, and we proceed to a discussion of the contentions.

It is asserted that the evidence was not sufficient to sustain the conviction. The proof reflects that Officer McGill of the Little Rock Police Department answered a burglary alarm at approximately 7:45 p.m., on December 8, 1972, at the Sol Alman Company. Upon arrival, he found a hole in the wall of the building approximately one and one-half feet in diameter. While other officers went inside the building to investigate, McGill remained outside, and discovered Randle crawling out of the hole. Appellant was then placed under arrest and taken to the police unit. After entering the building, McGill observed that the office door, which was in the rear of the structure, "had been bursted open and several of the desk drawers had been gone through, and two fifths of whiskey was sitting just outside the office door." Alman, owner of the building, testified that when he left his place of business on the afternoon of December 8, "everything was normal." Upon returning to the building, the owner testified that a hole had been "knocked in the east side door" and this

condition did not exist when he had left the building in the afternoon. He corroborated the evidence that the office had been "ransacked and drawers overturned, and it looked as though someone were going through all the drawers and files, and it was in disorder, disarray." The State rested and appellant offered no evidence.

We do not agree that the evidence was insufficient to support the verdict, and this contention is answered by our case of *Scates and Blaylock* v. *State,* 244 Ark. 333, 424 S.W. 2d 876, where we said that a larcenous intent could fairly be inferred from the facts. We also referred to an earlier case, *Clay* v. *State,* 236 Ark. 398, 366 S.W. 2d 299, wherein it was stated, "We have held that the offense of burglary is complete even though the intention to commit a felony[1]   is not consummated."

In *Scates,* we pointed out that the defendants were found inside a locked cafe containing amusement and vending machines, when they had no permission or lawful right or reason to be there. Here, appellant had no lawful right or reason to be in the Alman building; he was found there after office hours; although no tools were found in his possession, there is testimony that the hole was present, which was not there when the building was secured. Of course, as mentioned, the testimony reflected that the office appeared to have been thoroughly "ransacked". The evidence was sufficient to sustain the conviction.

It is asserted that two terms of court had elapsed between the date of the filing of the information and the judgment of conviction, and the charges against defendant should have been dismissed under the provisions of Ark. Stat. Ann. § 43-1708 (Repl. 1964). This contention is unsound for three reasons. In the first place, we have held that a proper construction of the statute contemplates two terms of court passing *in addition to the term in which the defendant is indicted.* See *O'Neal* v. *State,* 253 Ark. 574, 487 S.W. 2d 618. In addition, the record reflects that two of the applications for continuance were made on motion of the appellant, and these

---

[1] By Act 185 of 1955, the General Assembly amended the statute to read that the offense of burglary is committed on the unlawful breaking or entering with the intent to commit any felony, or larceny.

delays could not be held against the State. Not only that, appellant had been released on bail and the applicable statute is, therefore, Ark. Stat. Ann. § 43-1709 (Repl. 1964) which provides that one on bail shall be discharged (unless the delay happened on his application) if he is not brought to trial before the end of the third term of the court in which such indictment is pending. See also *State v. Davidson,* 254 Ark. 172, 492 S.W. 2d 246.

It is next asserted that the defendant did not waive a jury trial but the transcript is clear to the effect that appellant appeared in person and by his attorney, and on motion of the appellant, the jury was waived.

It is next alleged that the State "apparently withheld information beneficial to the defendant since the result of the interrogation of him was not revealed." The quick answer to this contention is that the record does not reveal any motion by appellant for discovery, or bill of particulars. Ark. Stat. Ann. § 43-2011.2 (Supp. 1973) provides the procedure for discovery and appellant did not avail himself of the provisions of this statute.

It is contended that the record does not reflect that the defendant was advised of the nature and possible effects of the charge against him or of his rights under the law. We disagree. The Information clearly sets out the burglary charge against Randle and the transcript also reflects that the defendant and his attorney[2] were present at arraignment "and the defendant is called to the bar of the Court and informed of the nature of the charge filed herein," and a plea of not guilty was entered.

Finally, it is asserted that Federal constitutional rights were violated, but no additional argument is presented, and we find no merit in the contention.

It follows, that the judgment should be, and hereby is, affirmed.

---

[2]The attorney representing appellant on appeal is not the same attorney who represented him on trial.

The court desires at this time to call attention to the first sentence of Rule 9 (f) which has not been complied with in this case, and which reads as follows:

"Arguments shall be presented under subheadings numbered to correspond to the outline of points to be relied upon." This is not the first time that this rule has been violated, nor is present counsel the only attorney to violate it. The six points relied upon for reversal are set out individually as required by subsection (c); however, the argument under all points, covering two and one-half pages, is "mingled" together under the general heading, "Argument", and even then such argument is not consecutively set forth, as stated in the points. The purpose of Rule 9 (c) and (f) is to aid the court in following the arguments, and to enable it to determine whether there is merit in any alleged point of error. To "dig out" the particular sentence or paragraph which deals with a specific asserted point is discomfiting and burdensome. Preparation of a brief in the manner described above can only create confusion. Nothing herein said is meant to imply that an attorney cannot argue points that are interlinked (where one can hardly be argued without including the other), and likewise, it is, of course, entirely proper to mention that a particular point was covered by the argument under a preceding point, for we desire no reiteration. Accordingly, we take this occasion to urge the members of the Bar of Arkansas to follow strictly the procedures mentioned in these rules which will substantially aid this court in handling its work load more efficiently and expeditiously.