Rufus Roland FAULK *v.* STATE of Arkansas

CR 77-8                                               551 S.W. 2d 194

Substituted Opinion on Rehearing
delivered June 13, 1977
(In Banc)

544

*Robert S. Blatt,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

Darrell Hickman, Justice. Rufus Roland Faulk was charged with forgery, uttering and possession of stolen

property in Sebastian County, Arkansas. He waived a jury, was found guilty of uttering, and sentenced to five years in the penitentiary.

Faulk's argument on appeal only goes to the question of a speedy trial. Faulk argues that he was denied a speedy trial, and the Arkansas law either requires dismissal of the charge or violates the Arkansas and United States Constitutions by denying an individual a speedy trial.

We find that Faulk was not denied a speedy trial, nor is the Arkansas law unconstitutional.

Before the Arkansas Rules of Criminal Procedure were adopted, the right to a speedy trial was governed by statute. See Ark. Stats. Ann. §§ 43-1708 and 43-1709. Since January 1, 1976, Rule 28 of the Rules of Criminal Procedure governs the right of an individual to a speedy trial. The statutes and Rule 28 are both relevant since the time in this case transits both 1975 and 1976. However, before examining the law, the dates and facts in this case should be discussed in detail.

| | |
|---|---|
| February 11, 1975 | Faulk was charged. |
| March 10, 1975 | The information was amended. |
| April 15, 1975 | The case was set and ready for a jury trial. It was continued on the motion of Faulk. Faulk moved to fire his lawyer and asked for a continuance. Both motions were granted. |
| May 21, 1975 | Set for trial June 16th. |
| May 28, 1975 | Faulk made bond. |
| June 2, 1975 | He voluntarily surrendered to the State of Oklahoma. |
| June 9, 1975 | He pleaded guilty in |

Oklahoma to two charges of unlawful distribution of a controlled substance and was sentenced to two years in the penitentiary.

June, 1975     Sometime prior to June 16th, Faulk filed a lawsuit in the Oklahoma courts to resist the efforts of Arkansas to bring him to trial.

June 13, 1975     Extradition instituted by Arkansas.

June 16, 1975     Trial date.

June 18, 1975     Extradition granted by the State of Oklahoma.

July 11, 1975     Case again set for trial July 14th.

July 14, 1975     Reset for the 21st of July on the motion of the State.

July 21, 1975     Trial date.

July 29, 1975     Oklahoma courts deny Faulk's request to stop extradition.

September 24, 1976     Case was again set for trial.

October 20, 1976     Faulk found guilty.

In this case, Faulk argues that he was out on bail, three terms of court had run, and, therefore, the charges should be dismissed. We have two Arkansas statutes which govern the facts in this case during 1975. Ark. Stats. Ann. § 43-1708 provides that a person committed to prison must be brought to trial before the end of the second term of court unless the

delay happens on the application of the prisoner. Ark. Stats. Ann. § 43-1709 provides that if a person is out on bail, the state must bring the case to trial before the end of the third term of court. In this case, Faulk was in jail in Arkansas during the first term of court, applied for a continuance and it was granted. He was never free on bail because he voluntarily surrendered to the Oklahoma authorities before his second trial date; and, because of his application to the Oklahoma courts, there was another delay. We have distinguished the case of an individual free on bail in this state, or in an Arkansas jail or prison, from the case of an individual in an out-of-state prison. We have held that when a person is in prison in another state for a different crime, that person must affirmatively request a trial in order to activate these statutes and avail himself of its protection. *State* v. *Davidson,* 254 Ark. 172, 492 S.W. 2d 246 (1973). In the *Davidson* case we stated:

> However, one incarcerated in an institution of the federal government or that of some other jurisdiction must affirmatively request a trial in order to activate the statute and to avail himself of its protection. *Lee* v. *State,* 185 Ark. 253, 47 S.W. 2d 11 (1932). See also, *Bedwell* v. *Circuit Court of Lawrence County,* 248 Ark. 866, 454 S.W. 2d 304; *Pellegrini* v. *Wolfe, Judge,* 225 Ark. 459, 283 S.W. 2d 162 (1955).

Faulk did not request a trial at any time, and thereby activate the statute.

The Rules of Criminal Procedure, which we adopted January 1, 1976, govern part of the time in question. These rules also recognize that a person free on bail, in jail or prison in Arkansas, or in prison in another state must be treated differently. Essentially, the rules incorporate the two statutes that have been discussed. In computing time in which a prisoner must be brought to trial, certain periods of time are excluded. Rule 28.3 (e) provides any period of delay resulting from the resistance of a prisoner to being returned to this state for trial will be excluded in computing time. In other words, if Faulk resisted return to the State of Arkansas, then the delay occasioned by his resistance, will be excluded in computing the time in which a prisoner must be brought to trial.

We find that Faulk resisted every effort to bring him to trial, both while he was in Arkansas and while he was in the penitentiary in Oklahoma. The first time his case was set for trial, on the date of the trial, he asked the court to permit him to discharge his attorney and grant him a continuance. Both motions were granted. After his case was set for trial the second time, but before the trial date, he voluntarily surrendered to the authorities in Oklahoma, pleaded guilty, and was sentenced to two years in the Oklahoma penitentiary. When Arkansas attempted to extradite him for his second trial date, he filed a lawsuit and resisted all the efforts of Arkansas to bring him to trial.

Faulk argues that if his motion to dismiss the charges because he was denied a speedy trial is not granted as a result of Arkansas laws, then the laws are unconstitutional in violation of the Arkansas and the United States Constitution. We disagree.

The statutes of Arkansas and the rules of Criminal Procedure are designed to insure that individuals who want a speedy trial can have one. Also, they are designed to grant relief where the state neglects to try its cases within a reasonable time as defined by the statutes and rules. However, each case must also be examined for prejudicial factors. The criteria for judging the denial of the right to a speedy trial have been defined by the U.S. Supreme Court and adopted by this Court. See *Barker v. Wingo,* 407 U.S. 514 (1972), and *Curan v. State,* 260 Ark. 461, 541 S.W. 2d 923 (1976). We find no evidence of a violation of these criteria in this case. There is no evidence that the defendant asserted his right to a speedy trial at any time, was prejudiced by the length of delay, or that the delay was unreasonable. Faulk did not want a trial, speedy or otherwise. The constitutional right to a speedy trial cannot be a haven gained by legal trickery. It is a constitutional right that is available and enforced where the state fails to pursue a case to the prejudice of a defendant. We do not mean to imply that the representative of the state or the trial court pursued this matter in an urgent manner after the Oklahoma courts denied Faulk's petition. The record is simply silent regarding any negligence on the part of

the state, or the trial court, and the record contains no evidence of any prejudice to Faulk as a result of the delay. We find no merit to any of the arguments of Faulk.

Affirmed.

GEORGE ROSE SMITH and ROY, JJ., concur; FOGLEMAN and BYRD, JJ., dissent.

GEORGE ROSE SMITH, Justice, concurring. I join in the majority opinion, but I would also emphasize the last sentence in Rule 28.3 (e) of the Rules of Criminal Procedure (1976), which expressly excludes from the computation of time:

> (e) The period of delay resulting from the absence or unavailability of the defendant. A defendant shall be considered absent whenever his whereabouts are unknown. A defendant shall also be considered unavailable whenever his whereabouts are known but his presence for the trial cannot be obtained or he resists being returned to the state for trial.

When the State knows where the defendant is, he is to be considered unavailable either (a) if his presence for the trial cannot be obtained or (b) if he resists being returned to the state for trial. The two impediments to trial are stated disjunctively; either is sufficient. Alternative (b) cannot mean if the defendant *successfully* resists being returned or as long as he *successfully* resists, for those possibilities are already covered by alternative (a). In that restricted view, alternative (b) would add nothing to (a) and would therefore be meaningless. Hence alternative (b) should be taken to mean just what it says, that the defendant is to be considered unavailable if he resists being returned for trial, as this appellant did. By that resistance he declared in a positive way that he did not want a speedy trial in Arkansas. Having taken that stand, he should not be in a position to complain of a delay in his trial without first putting himself on record as asking for a trial. Otherwise he enjoys the contradictory benefits of having avoided a trial by his resistance and at the same time of taking advantage of that resistance to seek a dismissal of the case

for want of a speedy trial.

Roy, J., joins in this concurrence.

JOHN A. FOGLEMAN, Justice, dissenting. I respectfully dissent, because I think the majority has not really reached the gist of appellant's alternative argument. He correctly contends that more than three terms of court elapsed after he was available to the Arkansas authorities for trial. Extradition sought by the State of Arkansas was granted. Appellant's resistance terminated on July 29, 1975, when appellant's petition for habeas corpus was denied and the extradition order remained in effect. This was during the June, 1975, term of the Circuit Court of Sebastian County. Faulk was then available to the Arkansas authorities at any time during the remainder of that term and, more importantly, during the ensuing three terms of court, i.e., the October, 1975, term, the February, 1976, term and the June, 1976, term. See Ark. Stat. Ann. § 22-310 (Supp. 1975). The June, 1976 term expired on the first Monday in October, 1976. There was no trial setting prior to October 14 and his trial was not held until October 20. The only step taken by Faulk which could have delayed the trial, after his petition for habeas corpus was denied July 29, 1976, was his motion to dismiss because of a denial of a speedy trial, filed October 6, 1976, after the case had been set for trial on October 14. The period excluded under the Rules of Criminal Procedure ended on July 29, 1975, in my opinion. As I have pointed out, three terms of court commenced and ended between that date and the trial date of October 14, 1976, which was a day of the fourth term after the excluded period. I find nothing in the speedy trial rules which mandated a demand for trial by Faulk after he was available to the Arkansas authorities. The record discloses no reason why he could not have been brought to trial during any of the three terms that came and went. The court is, improperly in my opinion, imposing a burden on an accused to show when an excluded period ended. In effect, we are saying that a person available for trial at any time must demand trial or he cannot avail himself of the provisions of our speedy trial rules. This is certainly contrary to the spirit of *Holland* v. *State,* 252 Ark. 730, 480 S.W. 2d 597, which I took to end for all

time the necessity for such a demand by one *available* for trial.

I would reverse the judgment and dismiss the case.

I am authorized to state that Mr. Justice BYRD joins in this opinion.