MATTHEW LEWIS v. STATE OF ARKANSAS

5624                                    471 S.W. 2d 349

Opinion delivered October 11, 1971

*Leonard C. Smead,* for appellant.

*Ray Thornton,* Atty. Gen., by: *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In 1969 the appellant was charged with first degree murder, committed in the perpetration of robbery. Upon the advice of employed counsel the appellant pleaded guilty to the charge, apparently with the understanding that the prosecution would not seek the death penalty. A jury was empaneled, which found the offense to be murder in the first degree and fixed the punishment at life imprisonment.

In 1970 the appellant filed the present petition for postconviction relief under Criminal Procedure Rule 1. Ark. Stat. Ann., Vol. 3A, Supp. 1969, p. 91. He asserted that at the original hearing the State was erroneously allowed to introduce a confession that had not been made voluntarily. The trial judge denied the petition under subparagraph (C) of Rule 1, finding that the original record conclusively showed that the prisoner was entitled to no relief.

We find no error. Rule 1 is not intended to provide a prisoner with a new hearing upon an issue of fact explored at the trial on the merits. *Cox v. State,* 243 Ark. 60, 418 S. W. 2d 799 (1967). At the original trial the court found, after a *Denno* hearing, that the confession was voluntary. Later on the appellant, with the guidance of counsel, took the stand and testified, among other things, that he had signed the confession voluntarily. The same judge presided in both instances. In our opinion he was correct in denying the petition under subparagraph (C) of the rule.

In this court the appellant's court-appointed counsel attaches to his brief an unsworn letter and statement in which the appellant again asserts that his confession was not voluntary. These documents are not in the record, are not properly before us, and are not entitled to consideration by this court. A Rule 1 proceeding is comparatively informal, but the rules of evidence are not to be ignored. Testimony, to be admissible, must be under oath and subject to cross-examination. We attach no weight to *ex parte* statements such as those attached to the appellant's brief.

Affirmed.