Howard SMALL *v.* CITY OF LITTLE ROCK

5743                                      484 S.W. 2d 81

Opinion delivered September 4, 1972

*R. David Lewis,* for appellant.

*Joseph C. Kemp,* City Atty., and *David P. Henry,* for appellee.

LYLE BROWN, Justice. This is an appeal from a conviction for driving a motor vehicle while under the influence of intoxicants. For reversal appellant contends he was denied due process of law and the right to bail.

At the time of his arrest appellant was given a "breatholator test" as authorized by Ark. Stat. Anno. § 75-1045 (Suppl. 1971). As a basis for his challenge of due process, appellant alleges that § 75-1045 (c) (3) was not followed in that he was not advised of his right to have a person of his choice (in addition to the officer giving the test) to administer the test. The sub-section provides:

The person tested may have a physician, or a qualified technician, registered nurse, or other qualified person of his own choice administer a complete [chemical] test or tests in addition to any administered at the

direction of a police officer. The law enforcement officer shall advise such person of this right. The refusal or failure of a law enforcement officer to advise such person of this right and to permit the person to obtain such test or tests when such person desires to have such test or tests shall preclude the admission of evidence relating to the test or tests [taken] at the direction of a law enforcement officer.

Had appellant made the appropriate motion and received an adverse ruling, the first point might have been well taken. Instead of asking for exclusion appellant asked that the case be dismissed. The introduction of the evidence furnished no basis for the granting of the motion which was made; there was other evidence of intoxication which made, of itself, a question of fact.

As to the second point—the denial of bail—we find no merit. There is no evidence that appellant either asked for bail or was able to make bail. Furthermore, the denial of bail, standing alone, would not be grounds for dismissal of the criminal charges.

Affirmed.