Frank Holt, Justice. A jury found appellant guilty of possessing stolen property and, pursuant to our habitual criminal act, imposed a 31 year penitentiary sentence. The trial court accordingly entered judgment and directed that his sentence be served upon the expiration of his incarceration in the federal penitentiary. The appellant, through the public defender as appellate counsel, first contends for reversal that the court erred in refusing to dismiss the charges against him since he was not brought to trial within 180 days after his written request for a speedy trial as provided for in Ark. Stat. Ann. § 43-2301, et seq. (1971 Supp.). On October 4, 1971, appellant, when he was in custody of the sheriff of Fulton County, Atlanta, Georgia, with Arkansas detainers filed against him on “two crimes of possession of stolen property,” forwarded a pro se petition for a speedy trial. His pro se request was subscribed by a case worker and mailed to the local prosecuting attorney. Appellant was brought to trial approximately two months after the expiration of 180 days from the date of the written request. Our Interstate Agreement on Detainers provides that whenever a request is made in the prescribed manner and form by an inmate of a state or federal institution, he must be brought to trial within 180 days if the state or federal agency is a party to our interstate compact. From the record before us it clearly appears that appellant’s request was not in proper form as required by the statute. However, we deem it unnecessary to discuss these deficiencies inasmuch as the State of Georgia was not a party to our interstate agreement at the time of appellant’s request. That state did not become a party until April 3, 1972, at which time Chapter 77-5B (Code of Ga. Ann. [1972 Supp.]) was enacted and entitled “Interstate Agreement on Detainers.’Appellant was brought to trial in our state approximately two months after-wards. Therefore, appellant cannot validly assert there was a violation of his statutory rights. Neither can we agree with appellant’s assertion that the trial court erred in allowing evidence to be introduced against him as a result of a search of his home at a time when “he was illegally arrested without probable cause and detained.” A local business office was burglarized and among the articles taken from a safe was 21 S&H green stamp books totaling approximately 17,000 stamps. The local stamp redemption center was alerted. As a result an employee recognized the serial numbers on the stolen stamps when they were presented for redemption by appellant’s wife with appellant accompanying her. The employee transmitted their car license number and description of the vehicle appellant was driving to the police along with the address given in the transaction by appellant’s wife and her correct name which she signed on a “sales slip.” From that information the police were able to locate the residence of appellant and his wife. The investigating officers appeared at appellant’s house and informed him and his wife it would be necessary for them to go to the police department for investigation. The officers were asked to come in the house during which time appellant dressed. Inside the house one of them observed some green stamps in plain view. Appellant and his wife refused permission to search their house in the absence of a warrant. After they were taken into custody and transferred to police headquarters, the officers secured a search warrant and found the allegedly stolen articles in their house. We have said probable cause exists when there is information that establishes more than a mere suspicion and such information need not be tantamount to the quantum of proof necessary to support a conviction. Johnson v. State, 249 Ark. 208, 458 S.W. 2d 409 (1970). There we said “[S]imply stated, probable cause is a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man to believe the accused commiteed a felony.” Also, see Scott v. State, 249 Ark. 967, 463 S.W.2d 404 (1971), Ark. Stat. Ann. § 43-403 (1964 Repl.) Only unreasonable searches and seizures are prohibited by the Fourth Amendment, United States Constitution and Art. 2, § 15, Ark. Constitution. In the case at bar we are of the view that the recited circumstances constituted probable cause for the arrest of the appellant and the issuance of the search warrant even if the green stamps were not observed by the officers when first in appellant’s house by permission. Affirmed.