SHERWOOD FRANK STRAUSER A/K/A HARRIS
R. REED *v.* STATE OF ARKANSAS

CR 73-119                                        501 S.W. 2d 780

Opinion delivered December 10, 1973

*J. W. Steinsiek,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Philip M. Wilson,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant's petition for a Rule I hearing was denied under Rule I (C), the court holding that the records of the case conclusively showed petitioner was entitled to no relief. Appellant's points for reversal are that (1) he was arrested without a warrant, that (2) he was not given the Miranda warnings prior to interrogation, that (3) he was threatened by the prosecuting attorney, and that (4) the State failed to set bond.

In disposing of the petition under Rule I (C) the court considered several items of record: information, criminal docket sheet, amendment to information, petition for dismissal of charge, testimony of appellant on motion to dismiss, testimony of officers Richardson and Causey on motion to dismiss, testimony of officer Richardson at trial, and the testimony of appellant at an in camera hearing. We shall refer to a number of those items in disposing of the points for reversal.

Appellant was accused of fraudulently obtaining lodging and services at a Blytheville motel. He was also charged with being a fourth offender. He was returned to Blytheville from West Memphis, tried, and given two years.

Point I. *Appellant was arrested without a warrant.* At the hearing on his motion to dismiss the charges, appellant conceded that he was acquainted with the charges filed against him and that he knew that fact at the time he was arrested. Officer Richardson testified that when he arrested appellant at West Memphis (the appellant there using the name of Harris R. Reed), the officer had a warrant, that he read the instrument to appellant, and told him the nature of the charges. That warrant was issued by the Blytheville Municipal Court. Officer Caus-

ey testified that when the charges were filed in circuit court, another warrant was issued and served on appellant.

Point II. *Appellant was not given the Miranda warnings prior to interrogation.* Officer Richardson testified that when appellant was arrested, appellant started talking without being questioned. "I personally advised him of his constitutional rights before he started saying anything that might incriminate him." Furthermore, no incriminating statements charged to the appellant were ever introduced.

Point III. *Appellant was threatened by the prosecuting attorney.* Appellant said he was taken to the office of the deputy prosecuting attorney and was there threatened. "[He] told me what he was going to do to me at the trial." There is not one scintilla of evidence that any such threat caused appellant to make an admission against interest, nor is there any evidence to show that any such threat caused appellant to take any other action adverse to his interest.

Point IV. *The State failed to set bail for appellant's release pending trial.* Nowhere in the record is it shown that appellant or his attorney ever mentioned bail until the pre-trial hearing, which was shortly before the trial. Appellant did not offer to show that he was able to make bail; in fact he qualified as a pauper. Additionally, the failure to set bail is no ground for reversal of the conviction. *Small* v. *City of Little Rock,* 253 Ark. 7, 484 S.W. 2d 81 (1972).

Affirmed.

FOGLEMAN, J., not participating.