Richard SMITH *v.* STATE of Arkansas

CR 75-84                                    528 S.W. 2d 359

Opinion delivered September 22, 1975

*Bill E. Ross,* Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In March, 1974, the appellant was found guilty of burglary and was sentenced to 21 years in the penitentiary. He did not appeal. Later on he filed the present petition for postconviction relief under Criminal Procedure Rule 1. In appealing from the denial of his petition he argues four grounds for reversal.

First, we find no denial of the appellant's right to a speedy trial. After the information was filed in 1972, Smith escaped from jail and left the state. He was arrested in Mississippi and sentenced to prison there. He concedes that it was then his duty to affirmatively request a trial in Arkansas in order to set our statute in motion. *Randall* v. *State,* 249 Ark. 258, 458 S.W. 2d 743 (1970). His only request, however, was made under our statutory Interstate Agreement on Detainers. Ark. Stat. Ann., Title 43, Ch. 32 (Supp. 1973). That request was ineffective, because Mississippi had not adopted the statute and hence was not a party to the interstate agreement. *Young* v. *State,* 254 Ark. 72, 491 S.W. 2d 789 (1973). Smith was promptly tried after he was returned to Arkansas.

His second and third contentions assert matters that occurred before trial: That bail was fixed in an excessive amount, and that conditions in the county jail were so insanitary and oppressive as to constitute cruel and unusual punishment. Neither point falls within the scope of Rule 1. The denial of bail is not a ground for the dismissal of criminal charges, *Small* v. *City of Little Rock*, 253 Ark. 7, 484 S.W. 2d 81 (1972), and certainly does not affect the validity of the sentence. Jail conditions fall in the same category, there being no contention that the conditions complained of affected the petitioner's trial or sentence.

Fourth, it is argued that some of the prospective jurors, before the trial began, overheard a discussion about the merits of the case and about the appellant's criminal record. At the Rule 1 hearing the petitioner testified that after the trial someone told him about the incident. The rules of evidence apply to such a hearing. *Lewis* v. *State*, 251 Ark. 128, 471 S.W. 2d 349 (1971). Hence the trial court properly sustained an objection to the petitioner's testimony, as it was hearsay.

Affirmed.

FOGLEMAN, J., not participating.