
# SUPREME COURT OF ARKANSAS

**No.** CR–13–406

| | | |
|---|---|---|
| OSIRES GUEVARA | | **Opinion Delivered** MAY 8, 2014 |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CR–2008–1627–1(B)] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ROBIN F. GREEN, JUDGE |
| | APPELLEE | |
| | | <u>REVERSED AND REMANDED</u>. |

**DONALD L. CORBIN, Associate Justice**

Appellant Osires Guevara appeals the order of the Benton County Circuit Court denying his petition for postconviction relief filed pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. On appeal, he argues that the circuit court erred (1) in denying his requested relief without a hearing because the files and record did not conclusively show that he was not entitled to relief and (2) in considering email correspondence between his trial counsel and a deputy prosecuting attorney, because it was extraneous to the record. We reverse and remand.

Appellant was convicted by a jury in the Benton County Circuit Court of possession of a controlled substance with intent to deliver—methamphetamine—and was sentenced, as

a habitual offender, to a term of life imprisonment. His conviction and sentence were affirmed by this court in *Guevara v. State*, 2012 Ark. 351.[1]

On December 17, 2012, Appellant filed a timely petition for postconviction relief pursuant to Rule 37, asserting multiple grounds to support his contention that he was denied the effective assistance of counsel, including that (1) counsel was impaired by a conflict of interest; (2) counsel failed to adequately investigate his case, both at trial and in preparation to present mitigating evidence; (3) counsel did not properly interview witnesses; (4) counsel failed to properly inform Appellant of a plea offer by the State; (5) counsel did not adequately advise Appellant of the consequence of a potential sentence enhancement; and (6) counsel committed several errors in interviewing witnesses and in not challenging certain evidence introduced by the State.

The State filed a response to Appellant's Rule 37 petition, asserting that his claims were without merit. In support of its position, the State attached photocopies of email exchanges purportedly between Appellant's trial counsel and a deputy prosecutor handling Appellant's case. The State also attached photocopied portions of a transcript from a pretrial hearing, as well as select portions of the trial transcript.

In an order entered on January 11, 2013, the Benton County Circuit Court denied Appellant's petition for Rule 37 relief. In so doing, the circuit court found that Appellant's

---

[1]The opinion in Appellant's direct appeal mistakenly states that Appellant was sentenced to a term of life imprisonment without the possibility of parole, but the judgment-and-commitment order reflects that Appellant received a life sentence.

trial counsel provided adequate representation during trial and that Appellant failed to demonstrate that he suffered actual prejudice due to his attorney's conduct. In rejecting many of Appellant's claims, the circuit court often cited to the email correspondence as a basis to refute Appellant's claims. Appellant filed a timely notice of appeal on February 11, 2013.[2]

This court does not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Johnson v. State*, 2014 Ark. 74; *Davenport v. State*, 2013 Ark. 508, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed. *Adams v. State*, 2013 Ark. 174, ___ S.W.3d ___.

---

[2]In looking at Appellant's petition and comparing it to the trial court's order, it is apparent that the circuit court did not rule on Appellant's claim that counsel was ineffective because he "requested monies to seek removal from his case, prior to the Pretrial Status Conference." Nor did the circuit court rule on Appellant's claim that counsel was ineffective in failing to investigate whether prior convictions stemmed from the same transaction so as to limit his exposure as a habitual offender. Appellant failed to seek rulings on either of these issues prior to filing his notice of appeal; thus, this claim is not preserved for review. *E.g.*, *Beshears v. State*, 340 Ark. 70, 8 S.W.3d 32 (2000). Additionally, there are claims that were raised by Appellant in his petition and ruled on by the circuit court that Appellant does not appear to pursue in the instant appeal. Such claims include that counsel was ineffective in (1) failing to interview or call character witnesses; (2) failing to conduct an adequate investigation of mitigation evidence for sentencing; (3) failing to impeach law enforcement witnesses with their prior inconsistent statements and subsequently failing to renew a motion to suppress; and (4) failing to object to evidence introduced by the State during sentencing regarding Appellant's alleged affiliation with the MS-13 gang. It is axiomatic that claims raised below but not pursued on appeal are considered abandoned. *E.g.*, *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam).

SLIP OPINION

Although raised as his second point on appeal, we will first consider Appellant's argument that the circuit court erred in relying on email correspondence, which was attached to the prosecutor's response to Appellant's petition, because it was extraneous to the record in this case. Specifically, Appellant asserts that these emails were not part of the court files, the record, or his Rule 37 petition and, thus, were not proper to consider under Rule 37.3(a). According to Appellant, the emails were not disclosed prior to the filing of the State's amended response, were submitted out of order, and were without disclosure of the entire communication; thus, it was error for the circuit court to rely on them. The State argues that this court should reject Appellant's argument on this point because it is not preserved for our review, is not supported by any citation to authority, and in any event, is without merit.

Pursuant to Rule 37.3 of the Arkansas Rules of Criminal Procedure, an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999) (citing *Bohanan v. State*, 327 Ark. 507, 939 S.W.2d 832 (1997) (per curiam)). If the files and the record show that the petitioner is not entitled to relief, the circuit court is required to make written findings to that effect. Ark. R. Crim. P. 37.3(a). When the circuit court fails to make such findings, it is reversible error, except in cases where it can be determined from the record that the petition is wholly without merit or where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Rodriguez v. State*, 2010 Ark. 78 (per curiam); *see also Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003).

4

SLIP OPINION

Thus, Rule 37.3, allows for the summary disposition of Rule 37 petitions in certain instances, and provides as follows:

> (a) If the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings.

The rule does not define or otherwise specify what comprises "the files and records" of a case. Although the State asserts that "the petition and response, along with supporting documents (attached as exhibits, in this case), are part of the file and record in a Rule 37 proceeding," it provides no support or citation to authority for this proposition. In fact, looking further at Rule 37.3, subsection (c) provides in relevant part:

> (c) When a petition is filed in the circuit court and the court does not dispose of the petition under subsection (a) hereof, the court shall cause notice of the filing thereof to be served on the prosecuting attorney and the petitioner's counsel of record at the trial court level.

Thus, Rule 37.3 contemplates that a circuit court will look at the face of the petition and the files and records to determine whether the petition can be summarily denied without holding an evidentiary hearing. If the court does not summarily dispose of a petition, then it is to be served on the prosecuting attorney. Thus, under a plain reading of this rule, the circuit court should make a determination whether to proceed under subsection (a) before the prosecutor even files a response to the petition because a response is not necessary if it is conclusive from the face of the petition and the record that relief is not warranted.

Moreover, the circuit court's reliance on these emails was in contravention of the Arkansas Rules of Evidence. Although postconviction hearings are relatively informal, the

5

rules of evidence still apply. *Poe v. State*, 291 Ark. 79, 722 S.W.2d 576 (1987). This court in *Poe* further explained that, in order for testimony to be admissible, it must be under oath and subject to cross-examination. *Id.*; *see also Lewis v. State*, 251 Ark. 128, 471 S.W.2d 349 (1971).

Here, in looking at the circuit court's order denying Appellant's petition, it is clear that the circuit court relied on the statements in the email exchanges in lieu of testimony properly adduced at a hearing. By way of example, Appellant asserted that counsel was ineffective in failing to inform him of plea negotiations. In rejecting this argument, the circuit court stated, "Email correspondence between Mr. Powell and Mr. Carter shows that Mr. Powell did keep Petitioner informed of plea negotiations." Appellant also argued that counsel was ineffective in failing to inform him of the consequences of the State filing an amended complaint seeking enhancement as a habitual offender. The circuit court rejected this claim on the basis that "[c]ontemporaneous email correspondence between Mr. Powell and Mr. Carter shows that Petitioner was informed through his attorney that failure to accept the State's offer would result in a habitual offender filing prior to trial."[3]

Thus, we agree with Appellant that it was error for the circuit court to consider the email correspondence attached by the prosecutor in his response to Appellant's petition. Moreover, we agree with Appellant that it was error for the circuit court to deny his petition

---

[3]Although in both of these instances, the circuit court also included references to the record in rejecting Appellant's claims, our review of those parts of the record cited by the circuit court does not establish that Appellant's claims were wholly without merit and subject to summary dismissal.

in the absence of a hearing because the files and records do not conclusively show that Appellant was entitled to no relief. Here, the circuit court's repeated reliance on the email correspondence belies a conclusion that it was evident from the petition, the file, and the record that Appellant was not entitled to any relief. The circuit court's reliance on the statements in the email exchanges was comparable to a circuit court relying on testimony at an evidentiary hearing, except the emails here lacked the indicia of reliability that sworn testimony offers.

Accordingly, it was error for the circuit court to deny Appellant's petition by relying on the email correspondence that was not part of the file, record, or petition as contemplated in the context of Rule 37.3(a). Further, the circuit court erred in denying the petition in the absence of an evidentiary hearing because, if the circuit court had to rely on the email correspondence, it cannot be said that the file, record, and petition conclusively showed that Appellant was not entitled to relief.

Reversed and remanded.

*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *Kimberly R. Weber*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rachel H. Kemp*, Ass't Att'y Gen., for appellee.