BECKWITH *v.* STATE.

5107                                   379 S. W. 2d 19

Opinion delivered May 25, 1964.

*Wiley A. Branton* and *L. Hobson Mahon,* for appellant.

*Bruce Bennett,* Attorney General, by *Beryl Anthony, Jr.,* Asst. Atty. General, for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from an order overruling motions to quash information and discharge defendant.

On December 12, 1954, Mrs. Sue Helen Fuller was killed in Monroe County during a burglary. Appellant Paul Louis Beckwith was one of forty to sixty persons taken into custody the day of the murder. After being held in jail for over a week, appellant and the others were released when one Willingham confessed to the

crime. (Willingham was later released and charges against him dropped when, according to the prosecuting attorney's testimony, it was discovered that Willingham was a "nut.") In January, 1955, appellant was convicted of burglary in Desha County and sentenced to three years in the state penitentiary. On August 7, 1957, when Beckwith was released from the Arkansas penitentiary, he was turned over to Missouri authorities and thereafter convicted of an earlier crime. On July 5, 1962, the Monroe prosecuting attorney filed an information charging appellant with the murder of Mrs. Fuller on December 12, 1954. On August 12, 1962, when appellant was released from the Missouri penitentiary, he was returned to Arkansas and has been held in the Monroe County jail ever since. On October 8, 1963, appellant filed a motion to quash the information, and on November 29, 1963, filed a motion to discharge defendant and quash information. The first motion, together with another motion which was withdrawn, was brought on for hearing on October 8, 1963. Testimony of the prosecuting attorney, circuit clerk and appellant was taken at this hearing. On November 29, 1963, the motion to discharge defendant and quash information was argued before the court. From the court's order overruling the motions, appellant has prosecuted this appeal.

For reversal, appellant first urges that the trial court erred in overruling appellant's motion to quash information because (1) prosecution by information under Arkansas Statutes violates the Federal Constitution, and (2) the procedure followed by the prosecuting attorney in this case was unlawful and deprived appellant of due process of law.

We will assume without deciding that the part of the order questioned under point one is an appealable order.

The first portion of appellant's point one has been before this court a number of times. The court has consistently upheld the constitutionality of prosecution by information under Amendment 21 of the Arkansas Con-

stitution. This appellant candidly admits and cites relevant decisions such as *Washington* v. *State,* 213 Ark. 218, 210 S. W. 2d 307; *Cascio* v. *State,* 213 Ark. 418, 210 S. W. 2d 897; and *Payne* v. *State,* 226 Ark. 910, 295 S. W. 2d 312. However, appellant seriously urges this court to reconsider the question and overturn these precedents. After careful and thoughtful review of the record and the briefs as well as prior decisions, we find no compelling or persuasive reason to override our previous adjudications on this point.

The second part of appellant's first point is that the trial court erred in overruling appellant's motion to quash the information because the procedure followed by the prosecuting attorney in this case was unlawful and deprived appellant of due process of law. Appellant strongly contends that even if we continue to hold that prosecution by information is constitutional and that no preliminary hearing is necessary as a condition precedent to filing an information, as we do, then the procedure followed by the prosecuting attorney in this case has been so arbitrary, unreasonable and unlawful as to deprive appellant of due process of law. Appellant's argument is apparently based on various facts including (1) that a great deal of time has elapsed between the commission of the alleged crime and appellant's being charged, even though the Monroe County authorities were well aware of appellant's whereabouts in the Arkansas and Missouri penitentiaries, (2) that the prosecuting attorney did not seek leave of court before filing the information and then simply had the warrant issued by the court clerk, and (3) that the court itself did not issue the bench warrant on the information.

Appellant refers to the length of time between the murder and appellant's arrest as being unreasonable and a severe handicap to appellant in preparing his defense. We appreciate that "time gradually wears out proofs of innocence" just as surely as time wears out proofs of guilt, but the unwavering public policy of this state which has been a part of our statutory law since

at least 1838 is that "any person may be prosecuted, tried and punished, for any offense punishable with death, at any time after the offense has been committed." Ark. Stat. Ann. § 43-1601 (1947). Appellant argues that the statutes relating to process on indictment requiring the court to order issuance of the process on an indictment [Ark. Stat. Ann. §§ 43-1101 — 43-1112 (1947)] tion. We see no merit in this argument. If it could reashould be equally applicable to prosecution by informasonably be said that there was in fact a question as to the propriety of the procedure followed in the case at bar, the trial court validated the filing of the information without leave of court as well as the warrant issued on the information by its later order overruling the motions to quash the information. From a review of the entire record, we cannot say that the procedure followed by the prosecuting attorney here has been so arbitrary, unreasonable and unlawful as to deprive appellant of due process of law.

Appellant's second point urged for reversal is that the court erred in overruling appellant's motion for discharge by reason of his having been held in jail beyond the third term of court without benefit of trial.

Ark. Stat. Ann. § 43-1708 (1947) reads as follows:

"Time accused may be kept in jail. If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the finding of such indictment, he shall be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner."

In construing the above and related statutes (§ 43-1709, Time accused may be kept on bail, § 43-1710, Trial not had for want of time, and § 43-1711, Evidence on part of state—continuance to procure), this court has consistently held that where a prisoner is out on bail, in order to take advantage of these statutes, such prisoner

must place himself in the attitude of demanding trial or at least resisting postponement. *Stewart* v. *State,* 13 Ark. 720. However where the defendant is held in jail the burden is on the State to show that the failure to bring him to trial was caused by a lack of time to try the case or delayed on application of the prisoner. *Ware* v. *State,* 159 Ark. 540, 252 S. W. 934; *Fulton* v. *State,* 178 Ark. 841, 12 S. W. 2d 777. There was no evidence in the record on whether there was want of time to try appellant. On the other hand, the record does contain the following stipulation between the prosecuting attorney and one of appellant's attorneys:

"Mr. Lee: If the court please, I would like to ask attorney Mahon if he would stipulate that the State has not delayed the trial of this case. I have always been agreeable to try the case at anytime you wanted and your main excuse has been, attorney Branton was busy down in Atlanta, Georgia, with other matters and couldn't get up here and the State has not delayed at all and has been ready and willing at all times to try the case and it has been you that has been asking for the delay.

"L. H. Mahon: I will stipulate to that."

The state of the record being thus, we cannot say that the State failed to sustain its burden of showing that the delay happened on the application of the prisoner.

Affirmed.