John T. THOMPSON *v.* CITY
OF LITTLE ROCK

CR 78-72                               570 S.W. 2d 262

Opinion delivered September 11, 1978
(Division I)

*William H. Craig,* for appellant.

*James M. Duckett,* Asst. City Atty., for appellee.

GEORGE HOWARD, JR., Justice. This appeal presents the following question for resolution:

Whether the issuance of a uniform traffic ticket and complaint to a motorist by a police officer, immediately after the motorist is arrested for a traffic violation committed in the presence of the officer, constitutes commencement of prosecution of the alleged offense so as to toll the running of the one year statute of limitation applicable to misdemeanor charges?

## THE FACTS

On June 19, 1973, at approximately 9:45 p.m., appellant, John T. Thompson, a resident of Little Rock, Arkansas, was issued a uniform traffic ticket and complaint which charged the appellant with his second offense of driving his vehicle while under the influence of intoxicating liquor, hereinafter referred to simply as D.W.I.

The traffic ticket contains the date of the offense as well as the time, the name and address of appellant as well as his age, date of birth, height and weight, his drivers and vehicle license numbers, Social Security number, the date and time of his court appearance as well as the location of the traffic court. The ticket also designates the weather condition, the condition of the streets at the time the arrest was made, and further designates the law and section number that the charge is based upon.

The ticket also states in clear language the following:

"THE COURT WILL ISSUE A WARRANT FOR THE ARREST OF ANY DEFENDANT WHO IS A RESIDENT OF THIS STATE AND WHO HAS FAILED TO APPEAR TO ANSWER A TRAFFIC SUMMONS DULY SERVED UPON HIM AND

UPON WHICH A COMPLAINT HAS BEEN FILED."

The appellant-defendant was taken to the Little Rock City Jail and subsequently, executed an appearance bond which was also executed by a corporate surety. The appearance bond in relevant part provides as follows:

"John Thompson being in custody, charged with the offense of D W I 2nd and being admitted to bail in the sum of Five Hundred Dollars, . . . undertake that the above named John Thompson shall appear in the Municipal Court of Little Rock, on the 2 day of July 19___ to answer said charge, and *shall at all times render himself amenable to the orders and process of said court in the prosecution of said charge,* . . . " (Emphasis added)

On July 13, 1973, as a consequence of appellant's failure to appear in the Municipal Court on July 2, 1973, a forfeiture was declared on his appearance bond and a warrant for appellant's arrest for failure to appear and on the D.W.I. charge was issued.

The warrant for the arrest of appellant was later placed in a file designated "Inactive", but was "Updated" September 30, 1977, when appellant was taken into custody by the Little Rock Police, a period of approximately four years and two months after appellant failed to appear on July 2, 1973, and the issuance of the warrant for his arrest on July 13, 1973. However, the procedure of the Little Rock Police Department in dealing with circumstances of this nature is to advise a defendant, by written communication, of the issuance of the warrant for his arrest as a consequence of his failure to appear. If the individual does not respond to the written communication, a warrant officer of the Little Rock Police Department makes an attempt to serve the warrant at the address of the defendant. If the officer is unsuccessful in serving the warrant, the warrant is placed in a file at the department until such time as the individual is arrested on another charge. Appellant has stipulated that this procedure was in effect in 1973, however, it cannot be established that this procedure was followed in this particular case.

After the warrant was served on appellant on September 30, 1977, appellant was arrested, incarcerated and later released on bail and his trial was scheduled for October 13, 1977. However, on October 6, 1977, appellant filed his motion pursuant to Ark. Stat. Ann. § 41-102(4) to have the Arkansas Criminal Code govern the application of his defense to the prosecution of the charges against him. This motion was granted by the Municipal Court.[1] Appellant also filed his motion to dismiss which is as follows, in relevant part:

"4. That the said Warrant was issued by the Clerk of this Court on July 13, 1973, in excess of four (4) years ago.

"5. That the said Warrant was served upon Defendant on the 30th day of September, 1977, and that no reasonable effort has been made to serve such Warrant from the time of its issuance until September 30, 1977.

"6. That Defendant is a resident of the City of Little Rock and is regularly employed here, and that the Little Rock Police Department, if it had so desired and if a reasonable effort had been made, could have located Defendant and served the said Warrant at any time.

"7. That no trial has been held in this cause and that Defendant has at no time and in no manner waived his right to a speedy trial and that Defendant has at all times stood ready for trial in this cause."

The Municipal Court denied appellant's motion to dismiss and entered an order granting an appeal to the Pulaski Circuit Court for review of the issues of law involved.

The Pulaski Circuit Court affirmed the denial of appellant's motion to dismiss the D.W.I. charge, but reversed the Municipal Court as to the denial of the motion to dismiss

---

[1]Ark. Stat. Ann § 41-102(4) (Repl. 1977) provides, in material part, as follows:

"A defendant in a criminal prosecution for an offense committed prior to the effective date of this Code may elect to have the construction and application of any defense to such prosecution governed by the provision of this Code. . . ."

the charge of failure to appear, holding that there had been an unreasonable delay in serving the warrant on appellant for that charge.[2]

## THE DECISION

Ark. Stat. Ann. § 75-1008 (Repl. 1957 and Supp. 1977), in material part, is as follows:

"(a) Whenever a person is arrested for any violation of this act punishable as a misdemeanor, and such person is not immediately taken before a magistrate as hereinbefore required, the arresting officer may prepare in duplicate written notice to appear in court containing the name and address of such person, the license number of his vehicle, if any, the offense charged, and the time and place when and where such person shall appear in court, and if the officer is a bonded officer he may require such person to post a bail bond and give receipt therefor.

"(b) The time specified to appear must be at least 5 days after such arrest unless the person arrested shall demand an earlier hearing.

"(c) The place specified to appear must be before a magistrate within the township or county to which the offense charged is alleged to have been committed and who has jurisdiction of such offense.

"(d) The arrested person in order to secure release, as provided in this section, must give his written promise so to appear in court by signing in duplicate the written notice prepared by the arresting officer and/or post a bail bond as may be required by the arresting officer. The original of the notice to appear and of the receipt for bail shall be retained by said officers and the copy of each delivered to the person arrested. Thereupon, said officer shall forthwith release the person arrested from custody.

[2]The failure to appear charge was lodged against appellant on July 13, 1973, and according to the record, appellant first received knowledge of this charge on September 30, 1977.

"(e) Any officer violating any of the provisions of this section shall be guilty of misconduct in office and shall be subject to removal from office."

Rule 4.1 of Arkansas Rules of Criminal Procedure, in relevant part, provides as follows:

"(a) A law enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed

. . .

(ii) a traffic offense involving:

. . .

(C) driving a vehicle while under the influence of any intoxicating liquor or drug; . . . "

Rule 5.2(a) of Arkansas Rules of Criminal Procedure provides:

(a) A law enforcement officer in the field acting without a warrant who has reasonable cause to believe that a person has committed any misdemeanor may issue a citation in lieu of arrest or continued custody.

Rules 5.3 and 5.4 of Arkansas Rules of Criminal Procedure regarding the form of the citation to be issued by a law enforcement officer pursuant to Rule 5.2(a) are as follows:

"(a) Every citation shall:

(i) be in writing

(ii) be signed by the officer issuing it with the title of his office;

(iii) state the date of issuance and the municipality or county where issued;

(iv) specify the name of the accused and the offense alleged;

(v) designate a time, place, and court for the appearance of the accused; and,

(vi) provide a space for the signature of the accused acknowledging his promise to appear.

"(b) Every citation shall inform the accused that failure to appear at the stated time, place and court may result in his arrest and shall constitute a separate offense for which he may be prosecuted.

"Rule 5.4 Procedure for Issuing Citations.

(a) In issuing a citation the officer shall deliver one (1) copy of the citation to the accused.

(b) The officer shall thereupon release the accused or, if the person appears mentally or physically unable to care for himself, take him to an appropriate medical facility.

(c) As soon as practicable, one (1) copy of the citation shall be filed with the court specified therein, and one (1) copy shall be delivered to the prosecuting attorney.

Ark. Stat. Ann. § 41-104 (Repl. 1977), in material part, is as follows:

"(2) . . . , prosecutions for other offenses must be commenced within the following periods of limitation after their commission:

.   .   .

(c) misdemeanors or violations, 1 year.

.   .   .

"(6) A prosecution is commenced when an arrest warrant or other process is issued based on an indictment, information *or other charging instrument, provided that*

*such warrant or process is sought to be executed without unreasonable delay.* (Emphasis added)

Rule 28.3(e) of the Arkansas Rules of Criminal Procedure is as follows:

"The following periods shall be excluded in computing the time for trial:

. . .

"(e) The period of delay resulting from the absence or unavailability of the defendant. A defendant shall be considered absent whenever his whereabouts are unknown. A defendant shall also be considered unavailable whenever his whereabouts are known but his presence for the trial cannot be obtained or he resists being returned to the state for trial."

Appellant argues that the Little Rock Municipal Court was without jurisdiction to try appellant on the D.W.I. charge inasmuch as the prosecution of appellant for this offense was not commenced until September 30, 1977, the date appellant was arrested pursuant to the warrant issued on July 13, 1973, a period of four years and two months following the issuance of the traffic citation and the execution of the appearance bond scheduling appellant's appearance in court on July 2, 1973. Thus, appellant further argues, the one year limitation period on misdemeanor cases precludes the Little Rock Municipal Court from trying appellant on the D.W.I. charge.

After reviewing carefully the applicable statutory measures set out in this opinion, we are persuaded that the uniform traffic ticket and complaint, which is simply one document used by the Little Rock Police Department in citing motorists for infractions of the traffic code, is a simplified procedure or process that is issued, after an arrest, informing a motorist accused of the nature and elements of the offense with which he is charged. In addition, the citation, which conforms to all of the requirements delineated in applicable statutory provisions, serves as a means for conferring jurisdiction on the proper traffic court of the matter.

We are, therefore, persuaded that prosecution commences upon the issuance of the citation.

To come to any other conclusion, and especially to adopt appellant's reasoning to the effect that an arrest warrant, in addition to the traffic citation, is a prerequisite for commencing prosecution on a traffic offense would, by increasing the time, paper work and expense, cause great hardship to the City of Little Rock with no benefit to the motorist-defendant.

Under the present procedure, which has statutory sanction, a motorist-defendant, by agreeing to appear voluntarily in traffic court, upon being cited for a traffic violation, is at liberty to leave and resume his mission or journey, and has the option of avoiding a court appearance by paying his fine before the scheduled court appearance. While, on the other hand, if an arrest warrant is deemed essential to the commencement of prosecution, a motorist would, indeed, be required to accompany the officer to the police department in order to be served with an arrest warrant issued by a magistrate, make arrangements for bail, or suffer the inconveniences of being served with an arrest warrant at his home or place of employment for the slightest infraction of the traffic code. Indeed, the present procedure reduces delays, alleviates docket congestion and permits more economical use of the facilities of the police department, traffic courts and the personnel of the prosecuting attorney's office.

Having concluded that a traffic citation is embraced within the statutory term "other charging instrument" which is required in initiating a prosecution; and it is further clear that appellant was delivered a copy of the citation charging him with D.W.I. immediately following his arrest, the one year limitation on misdemeanor charges is not applicable and consequently, appellant's argument is rejected.

Finally, appellant argues that his constitutional right to a speedy trial has been violated because of the four year delay between the time the traffic citation was issued and the time that he was arrested in September, 1977, and his case scheduled for trial on October 13, 1977. This argument,

likewise, is not persuasive and consequently, we reject appellant's contention in view of the fact we find, from this record before us, that appellant has not been deprived of any constitutional rights.

It must be remembered that when the police officer cited appellant for D.W.I., a uniform traffic ticket and complaint was prepared by the officer designating the time, date and place of appellant's trial. Moreover, appellant executed a $500.00 appearance bond wherein appellant agreed to appear in the Little Rock Municipal Court on July 2, 1973, and "to answer said charge, and shall at all times render himself amenable to the orders and process of said court and the prosecution of said charge. . . . " It is clear that appellant failed to appear in court for his trial as he had agreed. Moreover, appellant made no effort to offer any reason or excuse for not appearing in court at his scheduled trial. Appellant made no effort to communicate with the police regarding his case. It is further clear that appellant is no stranger to the police or is unfamiliar with courts for the record shows that appellant has been cited before for D.W.I. This record clearly demonstrates that the City of Little Rock offered appellant a speedy trial by scheduling a hearing within five days from the time that appellant was cited for D.W.I.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.