AMERICAN SAMOA GOVERNMENT

v.

MASIVA OFA, Defendant

High Court of American Samoa
Trial Division

CR No. 30-87

October 1, 1987

Before    KRUSE,    Associate    Justice,    LUALEMAGA,
Associate Judge, and VAIVAO, Associate Judge.

Counsel: For the Government, Ellen Ryan, Assistant
         Attorney General
         For Defendant, Charles Ala'ilima

This   is   a   traffic matter originating in the
District Court.    The   defendant appeals   by way of
trial   de   novo   to   the Trial Division of the High
Court pursuant to A.S.C.A. § 3.309.

### FACTUAL & LEGAL BACKGROUND

Defendant was cited   for   careless   driving   in
violation   of   A.S.C.A.   § 46.1907(2)(B), a class C
misdemeanor   carrying   a   potential   term   of
imprisonment of   fifteen days.   He moved to dismiss
the complaint and summons   below, which   motion was

1

denied. Upon trial, the defendant was convicted and accordingly sentenced.

Defendant restates his motion made below and the facts giving rise to the motion are stipulated as follows:

On the day of the alleged violation, the investigating officer attended the scene with both parties present. After the officer had completed his investigations, both parties were free to leave. However, two days afterwards, the officer issued a traffic citation to the defendant.

The defendant moves to dismiss the citation as defective. He argues that traffic laws which carry penalties of imprisonment are criminal laws, the prosecution of which requires compliance with the general criminal procedure for the issuance of "summons upon a complaint before a judge," A.S.C.A. § 46.1221 (a).

The officer had in fact issued a Uniform Traffic Ticket and Complaint-Summons to the defendant under the Procedure for Traffic Offenses Act, A.S.C.A. § 22.0801 et. seq.

Defendant, on the other hand, argues that the alternative Traffic Procedure statute is limited by its language to those circumstances where the officer is on the scene of a traffic accident. That if after the officer's personal investigation, and if probable cause is presented, the Uniform Traffic Ticket and Complaint-Summons may only then be utilized and issued to any driver involved in the accident, in lieu of pursuing a summons under the general criminal procedure. Defendant alludes that under the general criminal procedure, due process is granted, and thus the converse of his contention is that traffic citations pursuant to the traffic procedure enactments, unless issued at the scene, are short of due process requirements.

Defendant's reasoning is premised on his construction of A.S.C.A. §§ 22.0802 & 22.0803. These provisions respectively read:

§ 22.0802:

The procedure set forth in this chapter [8] may be employed in lieu of all others for violations of this title [relating to

2

traffic offenses] not amounting to
felonies. (Emphasis added.)

§ 22.0803:

> Except for felonies, a police officer at
> the scene of a traffic accident <u>may</u> issue
> a written traffic citation to any driver
> of a vehicle involved in the accident
> when, based upon his personal investiga-
> tion, the officer has reasonable and
> probable grounds to believe that the
> person has committed an offense under the
> provision of this title in connection
> with the accident. (Emphasis added.)

It is defendant's position that the underscored
word "may", as appearing in both provisions,
implies a restricted exception to the general
criminal procedure requirements mentioned above for
the initiation of misdemeanor prosecutions. This
restricted exception is "on the scene/probable
cause."

### CONCLUSION

We disagree with defendant's overly
restrictive reading of the Procedure for Traffic
Offenses Act. The legislative purpose in enacting
Chapter 8 is clearly set out in Section 22.0801,
and that is ". . . to provide a procedure for the
adjudication of <u>all</u> vehicle code violations not
amounting to a felony . . . . To this end, the
procedure established by the American Bar
Association Standing Committee on Traffic Court and
specifically the Uniform Traffic Ticket and
Complaint is noted and approved." (Emphasis
added.)

The employment of the word "may" in the
succeeding provisions relied on by the defendant
denotes an "alternative" procedure for initiating
the prosecution of traffic misdemeanor/infraction
violations. The obvious legislative goal was to
simplify the processing of minor traffic
violations. In <u>Thompson v. State</u>, 570 S.W.2d 262,
266 (Ark. 1978), it was said that the use of the
Uniform Traffic Ticket Complaint-Summons reduces
delays, alleviates docket congestion and permits
more economical use of the facilities of the police
department, traffic courts, and the personnel of
the prosecuting attorney's office. It would seem

3

to us that to limit the scope of the enactment to that suggested by defendant would be largely to frustrate the whole purpose behind the legislative exercise.

The legislature has specified clear standards for the contents of a Uniform Traffic Ticket and Complaint-Summons. See A.S.C.A. § 22.0807. The succeeding § 22.0810(b) is, by its terms, clearly in lieu of general criminal procedure as it provides that the complaint shall be filed with the Clerk and sworn to by a police officer. Finally, § 22.0810, while stating that "the summons and complaint of the Uniform Traffic ticket shall be considered sufficient information to initiate and sustain an action under . . ." the traffic code, goes further to provide that any due process deficiencies in notice given by the Uniform Traffic Ticket and Complaint may be cured by "proper" motion by the defendant to require the government to furnish further particulars. Thus the defendant's due process reservations are less than apparent. See also People v. Boback, 243 N.E.2d 135 (N.Y. 1968).

On the reasons given above, the motion is denied.

### TIMELINESS OF APPEAL

While raised by neither party herein, the record seems to suggest that final judgment of the Court below was entered June 9, 1987. Pursuant to District Court Rule 15, an appellant seeking an appeal by way of trial de novo before the trial division must file his notice of appeal within five days of entry of judgment in the District Court. In the present matter, defendant's notice of appeal appears to have been filed on the twentieth day succeeding the date of entry of judgment.

Defendant's right to appeal would thus seem to have lapsed, unless the Court is missing something on the record. To this end, an order will also enter requiring defendant to show cause why his appeal should not be dismissed summarily, within ten days from date of entry hereof.

It is so ORDERED.