Stewart D. DEWEESE *v.* STATE of Arkansas

CA CR 88-67                                     761 S.W.2d 945

Court of Appeals of Arkansas
Division I
Opinion delivered December 7, 1988

*WQ Hall*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. The appellant, Stewart Deweese, appeals from a conviction of driving while intoxicated, third offense. He contends the charge should have been dismissed because it was barred by limitations.

It is admitted that appellant was arrested in Marion County, Arkansas, on June 22, 1984, by an Arkansas State Police officer. The officer, G.B. Harp, testified he stopped appellant when he observed the vehicle driven by him weaving back and forth "all over the highway." Officer Harp testified appellant was so obviously intoxicated that he did not try to get him to perform any type of field sobriety test because he was afraid appellant might fall and hurt himself. Appellant was placed under arrest for DWI and taken to the Marion County Sheriff's Office where his blood alcohol content registered 0.24% on a breathalyzer test.

Officer Harp testified that when he arrested the appellant he was "charged" with driving while intoxicated, fourth offense, and driving with a suspended driver's license, and he was given a ticket requiring an appearance in the Marion County Municipal Court on July 9, 1984; however, appellant failed to appear on that date. Harp also testified that he "obtained a bench warrant and an information charging Mr. Deweese with driving while intoxicated, fourth offense." The record contains a copy of this information. It was subscribed and sworn to by a deputy prosecuting attorney before a deputy circuit clerk on August 6, 1984. The record also contains a copy of a bench warrant for the arrest of the appellant issued on the same day by the same deputy clerk. However, for some reason unexplained in the record, the warrant was not executed until March 20, 1987. The return on the warrant shows that appellant was arrested on that date by a

deputy sheriff, and the warrant was filed by him with the circuit clerk on March 23, 1987.

This case apparently went to trial before the circuit judge without a jury on October 29, 1987, although the formal written judgment signed on December 9, 1987, states the case was tried on November 2, 1987. In either event, at the conclusion of the evidence the judge found the appellant guilty of driving while intoxicated, third offense. While the judge did not specifically state his reason for finding appellant guilty of a third offense rather than a fourth offense, it appears from the record that one of the three prior convictions alleged in the information was not admitted into evidence because the judge sustained appellant's objection that it did not show the defendant was represented by counsel or waived his right to be represented by counsel. Before the judge announced his guilty finding, the appellant moved that the information be dismissed on the basis that no felony was proven because there was no showing of three previous DWI convictions and because there could be no misdemeanor conviction since the information was not filed within one year of the date of commission.

On appeal to this court, the appellant again argues that his misdemeanor conviction was barred by limitations. The Omnibus DWI Act, Ark. Code Ann. §§ 5-65-101 through 5-65-115 (1987), makes the first three DWI offenses misdemeanors and the fourth and subsequent offenses, occurring within three years of the first offense, felonies. *See* Ark. Code Ann. § 5-65-111. The general period of limitation for prosecution for misdemeanors is one year. Ark. Code Ann. § 5-1-109(b)(3) (1987). The limitation period "starts to run on the day after the offense is committed." Ark. Code Ann. § 5-1-109(e). Under Ark. Code Ann. § 5-1-109(f),

> A prosecution is commenced when an arrest warrant or other process is issued based on an indictment, information, or other charging instrument, provided that such warrant or process is sought to be executed without unreasonable delay.

The above statute was involved in *Thompson v. City of Little Rock*, 264 Ark. 213, 570 S.W.2d 262 (1978), when the court

considered the same statute which was then compiled as Ark. Stat. Ann. § 41-104 (Repl. 1977). The court stated the question presented was whether the issuance of a uniform traffic ticket constitutes commencement of prosecution of the alleged offense so as to toll the running of the one-year statute of limitation applicable to misdemeanor charges. 264 Ark. at 214. After discussion, the answer was stated: "We are, therefore, persuaded that prosecution commences upon the issuance of the citation." 264 Ark. at 221.

In the instant case, the record does not contain the ticket issued by Officer Harp and we cannot know whether it conformed to the one described in the *Thompson* v. *City of Little Rock* case. However, we are convinced that the one-year statute of limitation applicable to misdemeanor charges did not bar the conviction in the instant case because the prosecution was commenced on August 6, 1984, when the arrest warrant was issued, based upon the information filed that same date, and because this occurred well within the period of one year from the date the offense was committed. In *Thompson*, the court stated it had "concluded that a traffic citation is embraced within the statutory term 'other charging instrument' which is required in initiating a prosecution." 264 Ark. at 221. Surely, there is no reason why the August 6, 1984, information did not constitute a "charging instrument" in the instant case.

It is true that this information was not entered on the circuit court's docket until March 23, 1987, which was three days after the appellant was arrested on the bench warrant. The reason for this was given by the trial judge who said the circuit clerks in his district do not set up a court file until the warrant is served. The only thing in the record indicating why the warrant was not served sooner is that the appellant did not appear in municipal court on the day the ticket given him stated he should appear. This suggests that he was not readily available to the Marion County police officers. It is not important except for the provision of Ark. Code Ann. § 5-1-109(f) that a prosecution is commenced when the warrant is issued if it "is sought to be executed without unreasonable delay." This point, however, was not raised below and cannot be raised for the first time on appeal. *See Allen* v. *State*, 294 Ark. 209, 214, 742 S.W.2d 886 (1988).

■ We also point out that no objection was made to the fact that the information charged a fourth offense DWI and appellant was found guilty of a third offense DWI. Also, the information was filed in the name of the prosecuting attorney, although it was subscribed and sworn to by the deputy prosecuting attorney, but there would be a presumption to that effect anyway and even the failure to file it in the name of the prosecuting attorney would not make it void. *See State* v. *Eason*, 200 Ark. 1112, 143 S.W.2d 22 (1940). Finally, we call attention to the case of *Beckwith* v. *State*, 238 Ark. 196, 379 S.W.2d 19 (1964), and its holding that a warrant may be issued, based upon an information filed by the prosecuting attorney, without an order of the court—regardless of a provision requiring that the court must order the issuance of the warrant on a grand jury indictment. (A printing error in 238 Ark. at 199 is clarified in 379 S.W.2d at 21.)

Affirmed.

CORBIN, C.J., and COOPER, J., agree.