The Honorable David Rackley State Representative P.O. Box 6806 Sherwood, AR 72124-6806
Dear Representative Rackley:
This is in response to your request for an opinion on the following question:
What is the statute of limitation on serving a misdemeanor warrant?
RESPONSE
Neither the Arkansas Code nor the Arkansas Rules of Criminal Procedure recites a time limit for serving a misdemeanor arrest warrant. However, A.C.A. § 5-1-109(f) provides that an action shall not be deemed "commenced" for purposes of tolling the statute of limitations on the underlying offense unless the arrest warrant is served without unreasonable delay. In addition, a court may characterize as an impermissible violation of due process an avoidable delay in service that prejudices the defendant or unfairly benefits the government.
Subsection 5-1-109(b)(3) of the Arkansas Code provides that an action on a misdemeanor must be commenced within one year of its commission. Subsection (f) of this statute provides:
 A prosecution is commenced when an arrest warrant or other process is issued based on an indictment, information, or other charging instrument, provided that such warrant or process is sought to be executed without unreasonable delay.
The Original Commentary to this subsection notes:
 The term "other charging instrument" is intended to encompass affidavit complaints, citations, summons, and similar instruments which are presently or may hereafter be employed in non-felony prosecutions.
In Webb v. State, 269 Ark. 415, 419-20, 601 S.W.2d 848 (1980), the Arkansas Supreme Court offered the following abbreviated analysis of a misdemeanor defendant's argument that the authorities were time-barred from executing his arrest warrant:
 Appellant also correctly contends that inasmuch as the arrest warrant was not actually executed for well over two years after its issuance it was "stale." He bases his contention on the fact that the statute of limitations on contempt of court, a misdemeanor, is one year under Ark. Stat. Ann. 41-104(2)(c) (Repl. 1977).
Although the inquiry in each instance will ultimately be one of fact based on the totality of circumstances surrounding the execution of the warrant, the passage just quoted suggests that a court may be more inclined to find unreasonable delay when the underlying offense is a misdemeanor, for which the statute of limitations is shorter than for felonies.[1]
The court's inquiry into whether there has been "unreasonable delay" in serving a misdemeanor warrant will likely coincide with its related inquiry into whether the government's delay in commencing an action by serving a warrant might amount to an unconstitutional violation of due process. The 1988 Supplementary Commentary to A.C.A. § 5-1-109 is devoted almost exclusively to this relationship and thus warrants excerpting at some length:
 The Supreme Court has made it clear that the limitations periods prescribed by this section do not give the prosecution complete discretion to postpone charging a defendant. In Scott v. State, 263 Ark. 669, 566 S.W.2d 737 (1978), the defendant was brought in for questioning in connection with a murder soon after it occurred but was released due to insufficient evidence. Shortly thereafter, he was convicted of a different offense and sentenced to prison. Some three years later, after a new prosecuting attorney had been elected, the defendant was charged with the murder. The defense filed a motion to dismiss, arguing that the delay had prejudiced the defendant since it precluded him from calling two alibi witnesses who were now unavailable. The state stipulated to the testimony of the alleged alibi witnesses, but it offered no explanation for the delay in bringing charges. The Court rejected the contention that a charge of murder can be filed at any time, stating that: "Since Scott was able to show prejudice to his defense, unless the State can come forward with a satisfactory reason for the delay, the charges should be dismissed." 263 Ark. at 674, 566 S.W.2d at 740. The Court remanded to give the State an opportunity to make such a showing. Three dissenting justices would have dismissed outright on the grounds that the State had already had an opportunity to explain the delay and failed to take advantage of it.
 In Bliss and Bliss v. State, 282 Ark. 315, 668 S.W.2d 936 (1984), the Court found that a four year delay in filing rape charges did not prejudice the defendants in spite of the fact that several potential witnesses were dead or otherwise unavailable. The Court seemed to narrow somewhat its holding in Scott when it characterized Scott as standing for the proposition that: "(T)he prosecution cannot delay filing of charges in order to gain a tactical advantage over the accused." Id. at p. 320, 669 S.W.2d at 939.
 Subsection (f) changed pre-Code law by providing that a prosecution commenced with the issuance of an arrest warrant rather than the filing of criminal charges. In Webb v. State, 269 Ark. 415, 601 S.W.2d 848
(1980), the defendant objected to the admission into evidence of drugs seized from him following his arrest on an outstanding traffic warrant. The Court held that (1) a warrant which had not been issued as provided by law did not commence the prosecution for the traffic offense, and that (2) two years was an unreasonable period of time to delay the execution of the warrant even assuming that it was properly issued. The precise issue before the court was the legality of the defendant's arrest, but the ruling has implications for cases involving the statute of limitations.
 In Young v. State, 14 Ark. App. 122, 685 S.W.2d 823 (1985)[,] the defendant was charged and convicted in 1982 with a rape occurring in 1979, the delay being attributable to the victim's refusal to identify her attacker because of death threats. The court analyzed the relationship between the statute of limitations and due process considerations as follows:
 In United States v. Marion, 404 U.S. 307 (1971)[,] and United States v. Lovasco, 431 U.S. 783 (1977)[,] the Supreme Court of the United States recognized that a statute of limitation defines only the outer limits of prosecution beyond which there would be an irrebutable presumption that a defendant's right to a fair trail [sic] would be prejudiced, but that within these limits the due process clause still has a limited role to play in protecting against oppressive delay with [sic] prejudices the defendant's rights. These two decisions make it clear that where an indictment is returned within the period of limitations due process considerations do not arise until prejudice to the defense resulting from delay is alleged and demonstrated and it appears that the government intentionally delayed the indictment to gain some technical advantage over the appellee.
 Id. at 125, 685 S.W.2d 825. See also Scott v. State, 263 Ark. 669, 566 S.W.2d 737 (1978); Bliss v. State, 282n Ark. 315, 668 S.W.2d 936
(1984).
 Young v. State has been followed in Forgy v. State, 16 Ark. App. 76, 697 S.W.2d 126 (1985) and Van Daley v. State, 20 Ark. App. 127, 7225 S.W.2d 574 (1987).
Of the cases discussed in this Supplementary Commentary, all but Webb
involved felonies, not misdemeanors. However, as reflected in the commentator's failure to distinguish between the two, any due process analysis should be the same for both categories of offenses.
In summary, there is no prescribed time limit for serving an arrest warrant for a misdemeanor. If a defendant challenges service as untimely, the court will conduct a factual review to determine whether the state unreasonably delayed service in a manner that prejudiced the defendant and compromised his right to due process of law.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] I should note that in Deweese v. State, 26 Ark. App. 126,761 S.W.2d 945 (1988), the Arkansas Court of Appeals did not find it objectionable that a misdemeanor DWI warrant issued on August 6, 1984 was not executed until March 20, 1987. Significantly, the court acknowledged but refused to address the issue of unreasonable delay:
 It is not important except for the provision of Ark. Code Ann. 5-1-109(f) that a prosecution is commenced when the warrant is issued if it "is sought to be executed without unreasonable delay." This point, however, was not raised below and cannot be raised for the first time on appeal. See Allen v. State, 294 Ark. 209, 214, 742 S.W.2d 886
(1988).
In Thompson v. City of Little Rock, 264 Ark. 213, 570 S.W.2d 262 (1978), the Arkansas Supreme Court similarly found unobjectionable the fact that a failure-to-appear DWI warrant issued on July 13, 1973 was not served until September 30, 1977. However, the court in Thompson appears simply to have concluded that this delay was irrelevant because the issuance of the DWI citation on June 19, 1973, not the issuance of the arrest warrant for failure to appear, "commenced" the proceedings and hence tolled the statute of limitations. Id. at 221.