Lisa WAGNER, Individually, and as Administratrix of the Estate
of Stephanie Dawn Wagner, Deceased, Shirley Avey, and Destiny
Enterprises, Inc. *v.* GENERAL MOTORS CORPORATION,
Rhodes Chevrolet Company, & Pilkington North America, Inc.

06-814                                              250 S.W.3d 557

Supreme Court of Arkansas
Opinion delivered February 22, 2007

*James Clifton Mainard, C. Tab Turner, Patrick Ardis, Mary L. Wolff,* and *William E. Brown,* for appellant.

*Kirkman T. Dougherty,* for appellee General Motors Corp.

*William Mell Griffin, III,* for appellee Pilkington North America, Inc.

PER CURIAM. Appellants Lisa Wagner, Individually, and as the Administratrix of the Estate of Stephanie Dawn Wagner, Deceased, Shirley Avey, and Destiny Enterprises, Inc., appeal the order of the Franklin County Circuit Court granting Appellee Pilkington North America, Inc.'s (Pilkington) motion for summary judgment and dismissing with prejudice all claims relating to Pilking-

ton.[1] On appeal, Appellants raise four points for reversal: (1) the trial court erroneously granted Pilkington's motion for summary judgment; (2) Arkansas should adopt the component-parts doctrine as a defense to claims against Pilkington; (3) if Arkansas adopts the component-parts doctrine, does the component-parts doctrine apply in this case; and (4) summary judgment should not have been granted where Appellants presented substantial evidence to establish genuine issues of material fact.

Because Appellants' brief is not in compliance with Ark. Sup. Ct. R. 4-2(a)(7), we order rebriefing. Rule 4-2(a)(7) provides that arguments "shall be presented under subheadings numbered to correspond to the outline of points to be relied upon." The purpose of this rule is to aid the court in following the arguments and to enable it to determine whether there is merit in any alleged point of error. *Randle v. State*, 257 Ark. 232, 516 S.W.2d 6 (1974) (decision under prior version of rule).

In this case, Appellants have presented four lengthy and detailed arguments for reversal in compliance with Ark. Sup. Ct. R. 4-2(a)(3), requiring appellants to list and separately number, concisely and without argument, the points relied upon for a reversal of the judgment or decree. However, they have substantially failed to provide this court with an argument section in compliance with Rule 4-2(a)(7). Specifically, the arguments as currently briefed would require the court to "dig out" the particular paragraph or point which deals with a specific asserted point in a manner that would be overly burdensome and contrary to the purpose of our rules.

We order Appellants to submit a substituted brief that contains an argument section in compliance with our rules. Appellants are provided fifteen days from the date of this opinion to file a substituted brief and addendum to cure the deficiencies, at their own expense, in conformance with Ark. Sup. Ct. R. 4-2(a). Should Appellants fail to file a complying brief within the time allowed, the judgment may be affirmed for noncompliance with the rule. *See* Ark. Sup. Ct. R. 4-2(b)(3).

Rebriefing ordered.

---

[1] Appellants' claims against General Motors Corporation and Rhodes Chevrolet Company were dismissed without prejudice following Appellants' voluntary nonsuit. Consequently, General Motors and Rhodes Chevrolet are not parties to this appeal.